```
                    STATE OF FLORIDA
              DIVISION OF ADMINISTRATIVE HEARINGS


A. L.,                                  )
                                        )
      Petitioner,                       )
                                        )
vs.                                     )   Case No. 10-10485E
                                        )
JACKSON COUNTY SCHOOL BOARD,            )
                                        )
      Respondent.                       )
                                        )
```

ORDER

On April 7, 2011, Respondent Jackson County School Board ("School Board") filed a Motion to Strike suggesting that certain allegations in the Verified Amended Request for Impartial Due Process Hearing ("Petition") were either inappropriate in the IDEA context or were time barred.  At the May 5, 2011, motion hearing, the School Board agreed to submit an amended motion that more specifically delineated the items in the Petition to which the School Board objected as well as the reasons for the objections.  On May 13, 2011, the School Board filed an Amended Motion to Strike that set forth the School Board's specific objections.

This order partially grants the School Board's Amended Motion to Strike.  The specific items stricken from the Petition are set forth below.  The parties should note that the items stricken are those that the undersigned considered to be unarguably beyond the scope of this hearing.  Other items were not stricken because the undersigned determined that Petitioner should be given the opportunity to prove the factual allegations made and tie them to the IDEA.

The page and paragraph references are to the Petition.  As to the Petition generally, it should be understood that the Order Dismissing Individual Respondents issued on May 6, 2011, disposed of all the allegations lodged against individual Respondents by the Petition.  As to the specific remedies requested on pages 31 through 37, it should be understood that the only remedies available in this proceeding are those provided by the IDEA.

EXHIBIT B

Page 2:  The School Board's motion to strike the third through tenth paragraphs of the Preliminary Statement is GRANTED to the extent that Petitioner requests immediate equitable relief beyond the powers of the this tribunal under the IDEA. It is noted that it is the relief request that is stricken, not the underlying factual allegations contained in these paragraphs.

Page 3:  The School Board's motion to strike the "from 2007" language in paragraph H is GRANTED.  This should be understood to apply to each instance in which the Petition makes allegations regarding events more than two years before the filing of the original Petition on November 24, 2010. Petitioner's evidentiary presentation at the hearing may include the period preceding two years before November 24, 2010, but the relief sought is limited to that two year period.

Page 5:  The School Board's motion to strike paragraphs DD and EE is GRANTED insofar as they specifically seek relief under statutes other than the IDEA.  Petitioner will not be barred from attempting to make a claim under the IDEA based on the facts alleged in these paragraphs.

Page 8:  The School Board's motion to strike paragraph AAA is GRANTED because discrimination against the child's mother is not an IDEA issue.  The School Board's motion to strike paragraphs BBB, CCC, DDD, and FFF is GRANTED because this is not a rule challenge proceeding.  Petitioner will not be barred from attempting to make a claim under the IDEA based on the facts alleged in these three paragraphs.

Page 28:  The School Board's motion to strike paragraph 51 is GRANTED.  The School Board's provision of records to the child's mother is not an issue under the IDEA.  The School Board's motion to strike paragraph 60 is GRANTED insofar as it is framed as a discrimination claim rather than an IDEA claim. Petitioner will not be barred from attempting to make a claim under the IDEA based on the facts alleged in paragraph 60.

Page 29:  The School Board's motion to strike paragraph 62 is GRANTED insofar as it is framed as a discrimination claim rather than an IDEA claim.  Petitioner will not be barred from attempting to make a claim under the IDEA based on the facts alleged in paragraph 62.

    Page 30:  The School Board's motion to strike paragraph 63 is GRANTED insofar as it is framed as a retaliation claim rather than an IDEA claim.  Petitioner will not be barred from attempting to make a claim under the IDEA based on the facts alleged in paragraph 63.  The School Board's motion to strike paragraph 64 is GRANTED.  Discrimination against the child's mother is not an issue in this IDEA proceeding.  The School Board's motion to strike paragraph 65 is GRANTED insofar as it is framed as a retaliation claim rather than an IDEA claim.  Petitioner will not be barred from attempting to make a claim under the IDEA based on the facts alleged in paragraph 65.  The School Board's motion to strike paragraph 66 is GRANTED.  Retaliation against the child's mother is not an issue in this IDEA proceeding, though the facts alleged may constitute an IDEA claim as to the child.

    Page 31:  As to paragraphs 67, 68, and 69, the School Board's motion to strike is DENIED without prejudice.  On their face, Petitioner's claims regarding basketball do not appear to implicate FAPE, but Petitioner will be given an opportunity to demonstrate that participation in basketball is necessary for FAPE.

    DONE AND ORDERED this 26th day of May, 2011, in Tallahassee, Leon County, Florida.

*Lawrence P. Stevenson*
_____
LAWRENCE P. STEVENSON
Administrative Law Judge
Division of Administrative Hearings
The DeSoto Building
1230 Apalachee Parkway
Tallahassee, Florida  32399-3060
(850) 488-9675
Fax Filing (850) 921-6847
www.doah.state.fl.us

Filed with the Clerk of the
Division of Administrative Hearings
this 26th day of May, 2011.

COPIES FURNISHED:

Kim C. Komisar, Section Administrator
Bureau of Exceptional Education
  and Student Services
Department of Education
325 West Gaines Street, Suite 614
Tallahassee, Florida  32399-0400

Frank Bondurant, Esquire
Jackson County School Board
4450 Lafayette Street
Marianna, Florida  32447

P. L.
(Address of record)

Rosemary N. Palmer, Esquire
Rosemary N. Palmer, Attorney at Law
5260 Pimlico Drive
Tallahassee, Florida  32309

E. Gary Early, Esquire
Messer, Caparello & Self, P.A.
2618 Centennial Place
Tallahassee, Florida  32308

William E. Gandy, Esquire
Office of the Attorney General
The Capitol PL-01
Tallahassee, Florida  32399