IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA

PANAMA CITY DIVISION

| | |
|---|---|
| A.L., by P.L.B., and ) | |
| P.L.B. for herself ) | |
|     Plaintiffs ) | Case No. 5:13-cv-0085-RS-GRJ |
| **vs.** ) | |
| ) | |
| Jackson County School Board, ) | |
|     Defendant | |

PLAINTIFFS' RESPONSE IN OPPOSITION TO JCSB's MOTION TO DISMISS

Comes now Plaintiffs and files this response in opposition to Jackson County School Board ("JCSB")'s Fed.R.Civ.Pro.12(b)(6) motion to dismiss; asking the court to deny JCSB's Motion to Dismiss, or, alternatively, stay consideration of the Motion until the Administrative Record in the administrative due process case has been filed[1] in this court and can be reviewed before doing so; sanction JCSB for filing the motion to dismiss when it knows full well that Plaintiffs did bring the earlier claims at administrative due process and that JCSB itself which prevented Plaintiffs from presenting evidence on those claims, yet there is final order on Plaintiffs' claims; and to order JCSB to immediately file the required answer, as follows:

In its motion JCSB claims that Plaintiffs' Amended Complaint should be dismissed because Plaintiffs failed to exhaust all three Counts, one procedural under the Individuals with Disabilities Education Act, 20 U.S. C. 1400 et seq. ("IDEA"), one

---

[1] The parties received the Administrative Record Index last week for review, which Plaintiffs' counsel has not yet finished. To this author's knowledge neither party knows when the voluminous record will be fully prepared for filing.

substantive under the IDEA, and the third claims under the Rehabilitation Act of 1973 ("Section 504").  But in the JCSB memorandum of law that accompanied its motion, JCSB argues that the claims that are earlier than two years before the case was filed are those that were not exhausted.  Therefore, the JCSB motion appears to be asking this court to dismiss all claims earlier than two years before November 2010, not asking to dismiss all claims in the case as it wrote in the motion itself.  If the court were to grant the JCSB motion, that would leave all counts intact in the case except as it applied to claims earlier than November 24, 2008.  Thus this is not a motion to dismiss under 12(b)(6) for failure to state a claim, but really a summary judgment motion on the affirmative defense of statute of limitations for IDEA and for Section 504.  JCSB makes this clear by attaching to its motion documents that are outside the pleadings.

"To survive a Rule 12(b)(6) motion to dismiss, a complaint must . . . contain sufficient factual matter, accepted as true, [and construed in him light most favorable to the plaintiff], to 'state a claim for relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). *Paletti v. Yellow Jacket Marina, Inc.*, No. 10-10880, p. 11 (11th Cir., 2010)

As a general, rule, the court should not consider material outside of the complaint, must accept as true the allegations of the complaint in question, and construe the pleading in the light most favorable to the party opposing the motion. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404, reh'g denied, 396 U.S. 869, 90 S.Ct. 35, 24 L.Ed.2d 123 (1969).  See also Fed.R.Civ.Pro. 12(d)

The JCSB motion specifically acknowledges that the Amended Complaint does allege that the IDEA and Section 504 claims were exhausted at due process. [JCSB MTD, page 3 ]. That should be dispositive for JCSB's Rule 12(b)(6) motion (and show that its filing is completely frivolous). But in addition to that, The Final Order in the Administrative Due Process case in which Plaintiffs exhausted, that has been appealed in this case, which was attached to the Amended Complaint, also acknowledges that Plaintiffs brought their claims that incorporated the earlier time frame, and their Section 504 claims in that administrative due process proceeding:

> On May 26, 2011, Judge Stevenson entered an Order striking all of Petitioner's section 504 and ADA claims, as well as claims for relief that occurred more than two years prior to the date of the original request for due process that was filed on November 24, 2010. Evidence that was relevant to the remaining IDEA issues was not excluded from presentation at the hearing irrespective of the time period in which it occurred. [Division of Administrative Hearings ("DOAH") Case 10-10485E Final Order, pp.4-5]

JCSB's April 7, 2011 Motion to Strike[2] in the administrative due process case, paragraph 1, says:

> "Petitioners [referring to AL/PLB] have alleged violations, going back to 2001, 2006, 2007 and 2008. However, Petitioners' original IDEA complaint was not received by the School Board until November 29, 2010, and the Amended Complaint (adding further alleged violations) was not served until March of 2011. All allegations relating to alleged violations of the IDEA that would have occurred more than 2 years before the date the Petitioners or the School Board knew or should have known about the

---

[2] Plaintiffs have not attached it as it understands that Rule 12(b)(6) motions are supposed to be decided on the basis of the pleadings, alone. Therefore, Plaintiffs request the court to stay any decision that might grant this motion until after the administrative record has been filed. See fn.1.

alleged violations are untimely; and they should, therefore, be stricken.
[DOAH 10-10485E, Administrative Record]

Since JCSB asked to strike the older claims at the administrative due process level [April 7, 2011 JCSB Motion to Strike, DOAH 10-10485E]; and since the ALL then struck both the 504 claims and the older claims [DOAH May 26, 2011 Order on JCSB's Motion to Strike, attached to JCSB's Motion to Dismiss, Exhibit 2], and the substitute ALJ confirmed that in the December 27, 2012 Final Order of the administrative due process proceeding, DOAH 10-10485E, page 3; there is undeniable proof that Plaintiffs did exhaust the older claims and Section 504 claims, as they admit they were required to do.

JCSB asks the court to reward its efforts to obstruct and prevent the implementation of IDEA's procedural safeguards at the administrative level, by dismissing the claims before November 24, 2008 at the federal court on the basis that the ALJ dismissed without hearing those claims. This is entirely inconsistent with the IDEA procedural safeguards that require parents be allowed to have all their claims "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child" (1415(b)(6) and claims under related laws under 1415(l) heard in an administrative due process hearing.

Once the claims are filed, Section 1415(f)(1)(A) guarantees a hearing. Section (h)(2) guarantees "the rights to present evidence and confront, cross-examine, and compel the attendance of witnesses." Nothing in IDEA's detailed safeguards grants the opposing party the right to thwart the hearing of the claims by dismissing claims, except

in three circumstances — a party can be required to supplement its due process complaint if it doesn't give enough information; a party can be prevented from proving claims they didn't raise in the initial notice without consent of the opposition; and a party cannot bring IDEA claims older than two years unless they meet the exception criteria.   Yet the ALJ granted JCSB motion to strike (including without any opportunity to prove the statute of limitation exceptions), and refused to allow the statutory hearing on the statute of limitations and Section 504/ADAclaims.

Once the administrative findings and decisions in the case are issued, IDEA procedural safeguards explicitly provide that an aggrieved party is entitled to a complete court review of the findings and decisions made at the administrative level.    It says that a court "(I) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate."  Section 1415(i)(2)( c)   Nothing in IDEA authorizes the court to do less than that.

JCSB attached that decision in the form of DOAH 10-10485E's final order to its own motion, which means it fully knew that the hearing was over on all matters brought and therefore exhausted.

JCSB cites the language in *J.P. V. Cherokee County Bd. of Educ.*, 218 Fed. Appx. 911 (Feb. 27, 2007) that says that "[o]nce the administrative proceedings are complete, the IDEA provides that either party may challenge those proceedings in state or federal court" as an argument that Plaintiffs have not exhausted.   That argument is unsupported

by the statute which allows the court review once there are "findings and decision made" by the hearing officer. That is what triggers access to court review. That is what exhaustion is, since IDEA makes that order final. 20 U.S. C. 1415(i)(1)(B). Plaintiffs did request and participate in a due process proceeding to completion and final order. JCSB's citation to *JP* is mistaken given that *JP* had not filed claims at the administrative level prior to bringing the case that was dismissed.

Statute of Limitations IDEA

This process is particularly important as it concerns JCSB's motion to dismiss on IDEA statute of limitations basis. Plaintiffs' Amended Complaint alleges in paragraphs 12 and 13, that certain of their claims meet the definition of exceptions to the two year statute of limitation for IDEA claims. Section 1415(f)(3)(D). Plaintiffs were denied the opportunity to present evidence on that point at the due process hearing, so even if the administrative record had already been filed, there is nothing on the record about those claims. Granting JCSB's motion to dismiss without Plaintiffs having the opportunity to flesh out the evidence that JCSB did not provide information it was required by statute to do, is contrary to the statute and a miscarriage of justice. Granting it without review of the administrative record is specifically contrary to IDEA's statutory language. In order to rule on the IDEA statute of limitations exemptions, the court will have to make findings of fact. That is not appropriate without the administrative record, and without Plaintiffs having fully opportunity to prove the exceptions. It also indicates that the Motion to Dismiss was an inappropriate vehicle for addressing the issue.

Statute of Limitations Section 504.

JCSB apparently asks the court to dismiss Section 504 claims that go back further than two years before Plaintiffs filed DOAH 10-10485E administrative due process request.   This is a complete misunderstanding of Section 504 statute of limitations. Plaintiffs Amended Complaint alleges claims within the statute of limitations of four years prior to November 24, 2010.

In *Everett v. Cobb County School Dist.*, 138 F.3d 1407, 1409 (C.A.11 (Ga.), 1998), the Eleventh Circuit adopted the state statute of limitations for personal injury actions as the statute of limitations for Section 504 claims. ("Because Georgia has not passed a state law identical to the Rehabilitation Act from which to borrow a limitations period, we follow the lead of the other circuits that have decided this issue and apply Georgia's two-year statute of limitations period for personal injury actions" to claims that arose in Georgia.)  In Florida that statute of limitations is four years.  Section 95.11, Fla. Stat.   (See analogous *Lewis v. Asplundh Tree Expert Company*, No. 08-11771, p. 6, (11th Cir., 2008)("Because there is no federal statute of limitations period for § 1983 actions, the relevant state's statute of limitations for personal injury claims applies. *Owens v. Okure*, 488 U.S. 235, 239-41, 109 S.Ct. 573, 576-77 (1989). Florida's statute of limitations for personal injury claims, and thus for § 1983 claims in that state, is four years. See *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003)");  *Hoewischer v. Sailormen, Inc.*, Case No. 3:10-cv-752-J-37MCR, p. 14 (M.D. Fla., 2012)(which identifies the statute of limitation for the Americans with Disabilities Act claims, which is interpreted the same as Section 504, by statutory language therein, as four years in

Florida).  But see *McManus v. City of Gainesville*, Case No. 1:08-cv-00110-MP-GRJ, p. 3 (N.D. Fla., 2011)(which cites *Everett* and uses the Georgia two year statute of limitation for ADA and FHA, even though in *Everett* the Eleventh Circuit adopted the state — in the instant case, Florida ---statute of limitations, which is the greater four year limit.  The court did not address the Eleventh Circuit NDFL *Lewis* case.).

THEREFORE, Plaintiffs ask the court to deny JCSB's Motion to Dismiss, or, alternatively, stay consideration of the Motion until the Administrative Record in the administrative due process case has been filed in this court and can be reviewed before doing so; sanction JCSB for filing the motion to dismiss when it knows full well that Plaintiffs did bring the earlier claims at administrative due process which claims were mentioned in the Final Order in DOAH 10-10485E, and that it was JCSB that prevented Plaintiffs from presenting evidence on those claims; and to order JCSB to immediately file the required answer.

Respectfully Submitted,

This 4nd day of September 2013.
/s/Rosemary N. Palmer
Rosemary N. Palmer
FL Bar #70904
5260 Pimlico Drive
Tallahassee FL 32309
(850) 668-9203
ATTORNEY FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been filed electronically and furnished thereby by Notice of Electronic Filing this 4nd day of September 2013 to Bob L.Harris, Messer, Caparello & Self, PO Box 15579, Tallahassee FL 32317, bharris@lawfla.com

/s/Rosemary N. Palmer
Rosemary N. Palmer