IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

A.L., by P.L.B. and P.L.B for herself,

    Plaintiffs,

v.                                      CASE NO. 5:13-cv-85-RS-GRJ

JACKSON COUNTY SCHOOL BOARD,

    Defendant.
_____/

## ORDER

Before me are Defendant's Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law (Doc. 10) and Plaintiff's Response in Opposition to JCSB's Motion to Dismiss (Doc. 12).

*Background*

On March 15, 2011, Plaintiffs filed a Verified Amended Request for Impartial Due Process Hearing in DOAH Case. No. 10-10485 ("AL I"). This resulted in an administrative hearing that concluded on April 5, 2012. (Doc. 10-1, p. 6). Plaintiff challenged many aspects of A.L.'s education including the sufficiency of A.L.'s existing June 2010 Individualized Education Program ("IEP"), A.L.'s November 2010 IEP, the implementation of the June 2010 IEP, the provision of assistive technology, and A.L.'s performance on standardized tests.

1

The Final Order from the administrative hearing was entered on December 27, 2012.

On July 22, 2013, Plaintiff filed an amended complaint against Defendant asserting the following claims: Count I for "IDEA Procedural Violations that Denied FAPE," Count II for "IDEA Substantive Violations," Count III for "Section 504/ADA Discrimination against Student," Count IV for "Retaliation Against Mother and Student Under IDEA, 504, and/or ADA," and Count V for "Fourth Amendment Claim." (Doc. 9).  Defendant moves to dismiss the amended complaint for failure to exhaust administrative remedies.

*Standard*

In order to overcome a motion to dismiss, a plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.  *Hishon v. King & Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984).  I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff.  *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000)(citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999)).

"Even though a failure-to-exhaust is non-jurisdictional, it is like a defense for lack of jurisdiction in one important sense: Exhaustion of administrative remedies is a 'matter[] in abatement, and ordinarily [does] not deal with the merits.' " *Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008)(quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1360 at 78 n.15 (3d ed. 2004)). Failure to exhaust administrative remedies "is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.' " *Id.* at 1375 (quoting *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988). "That motions to dismiss for failure to exhaust are not expressly mentioned in Rule 12(b) is not unusual or problematic. … We regard exhaustion of administrative remedies as a matter of judicial administration." *Id.* The rationale behind the exhaustion requirement is "to permit the department the first opportunity to investigate the alleged discriminatory or retaliatory practices, and a plaintiff's judicial complaint is thereby limited by the scope of the investigation that can reasonably be expected to grow out of the administrative charge of discrimination or retaliation." *Basel v. Secretary of Defense*, 507 Fed. Appx. 873, 875 (11th Cir. 2013). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look

beyond the pleadings and decide disputed issues of fact." *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003)(quoted by *Bryant*, 530 F.3d at 1374).

*Analysis*

The Individuals with Disabilities Act ("IDEA") allows parents to "present complaints with respect to any matter relating to the identification, evaluation, or education placement of the child, or the provision of a [Free Appropriate Public Education ("FAPE")] to such child." 20 U.S.C. § 1415(b)(6). Under the IDEA, parents must first have "an impartial due process hearing, which shall be conducted by the State education agency or by the local education agency, as determined by State law or by the State educational agency." 20 U.S.C. § 1415(f)(1)(A). In Florida, these hearings are conducted by the Division of Administrative Hearings. "Once the administrative proceedings are complete, the IDEA provides that either party may challenge those proceedings in state or federal court." *J.P. v. Cherokee Cnty. Bd. of Ed.*, 218 Fed. Appx. 911, 913 (11th Cir. 2007). Failure to exhaust administrative remedies will result in dismissal of the civil action. *Id.*

Additionally, the Eleventh Circuit has interpreted the IDEA's exhaustion requirement to apply to a " 'broad' spectrum of claims" including those under the ADA, Section 504, and the First Amendment. *Id.*; *M.T.V. v. Dekalb Cnty. Sch. Dist.*, 446 F.3d 1153, 1158 (11th Cir. 2006). "Thus, whether claims asserting the rights of disabled children are brought pursuant to the IDEA, the ADA, Section

504, or the Constitution, they must first be exhausted in state administrative proceedings." *Id.*

Plaintiffs' amended complaint states:

8. The IDEA claims in this case were exhausted in DOAH 10-10485E, which was filed on November 24, 2010. The DOAH final order was filed December 27, 2012.
9. The Section 504, ADA and Fourth Amendment claims were exhausted in DOAH 10-10485E, which was filed November 24, 2010 and arose after August 15, 2007.

(Doc. 9, p. 2). However, the only claims that were exhausted at the administrative hearing were during the two-year period from November 24, 2008, to November 24, 2010. (Doc. 10-1, p. 4-5)("On May 26, 2011, Judge Stevenson entered an Order striking all of Petitioner's section 504 and ADA claims, as well as claims for relief that occurred more than two years prior to the date of the original request for due process that was filed on November 24, 2010); *see also* (Doc. 10-2, p. 2)("Petitioner's evidentiary presentation at the hearing may include the period preceding two years before November 24, 2010, but the relief sought is limited to that two year period.").

The federal court only has jurisdiction to review claims that were exhausted at the due process hearing. Because Plaintiffs' counts include claims that were striken from the administrative hearing and outside the two-year period the hearing was limited to, the amended complaint is dismissed with leave to amend.

5

*Conclusion*

1. The relief requested in Defendant's Motion to Dismiss (Doc. 10) is **GRANTED**.

2. Plaintiffs may amend their complaint not later than October 10, 2013, and limit the claims to only those exhausted at the administrative hearing.

3. If Plaintiffs do not file an amended complaint by October 10, 2013, the Clerk is directed to close the case.

**ORDERED** on September 26, 2013.

<u>**/s/ Richard Smoak**</u>
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**