IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA

PANAMA CITY DIVISION

| | |
|---|---|
| A.L., by P.L.B., and ) <br> P.L.B. for herself ) <br>     Plaintiffs ) <br> **vs.** ) <br> ) <br> Jackson County School Board, ) <br>     Defendant | Case No. 5:13-cv-0085-RS-GRJ |

PLAINTIFF'S MOTION FOR CLARIFICATION OF ORDER [DKT. 14]

COMES NOW, Plaintiffs, by and through undersigned counsel, and moves the court to clarify its order dismissing claims in this case, asks for leave to file the Second Amendment in the format done.   Plaintiffs also request a Final Order of Dismissal for claims that have been dismissed.

Plaintiffs were unable to determine from the court's order exactly which claims were dismissed.    The order grants JCSB's Motion to Dismiss.  JCSB moved "...Plaintiffs' Complaint includes allegations and claims which occurred or arose both before November 24, 2008 and after November 24, 2010. Such claims were not exhausted in DOAH Case. No. 10-10485, and, accordingly, such claims must be dismissed as Plaintiffs have failed to exhaust their administrative remedies, as required." [Dkt. 10, Defendants Motion to Dismiss, p. 4]

In the order, the court refers to non-IDEA claims that the ALJ dismissed without hearing for lack of jurisdiction (though the court doesn't mention that and doesn't

address the futility allegation in Plaintiffs Amended Complaint that the court dismissed). But it appears to ultimately have granted only the request to dismiss claims outside the IDEA two year statutory time frame, as requested by JCSB.

Plaintiffs appreciate the court's granting leave to amend, and finds themselves in an impossible position.  Amended pleadings supercede the earlier document.  If Plaintiffs filed a Second Amended Complaint without all of its claims, then it would in essence be waiving the claims that were not included in it.

Plaintiffs could not choose the option of simply appealing the court's order, because there is not yet an appealable Final Judgment, and because doing so will delay the court's review of claims that were not dismissed, for a student who is should be graduating this year but doesn't have the skills and knowledge to do so and successfully transition to the post-secondary outcome of his choice, and who needs a remedy as soon as possible.

And the court's order granted leave to include all claims that are exhausted, and it is Plaintiffs' position that all claims in the complaint were raised at due process in DOAH 10-10485E, which is concluded by final ruling by the Administrative Law Judge. Plaintiffs alleged in the Amended Complaint that it HAD exhausted all claims in the pleading by making a due process request to hear them in DOAH 10-10485E; and/or that exhaustion was futile because Florida's Division of Administration does not agree it has jurisdiction in IDEA hearings over claims under other statutes, even though IDEA itself requires that claims under other statutes be exhausted in IDEA hearings.  20 U.S.C. 1415(l)    Plaintiffs also alleged in the dismissed Amended Complaint that the IDEA two

year statute of limitations that otherwise limited the claims do not apply because the facts show prove that Plaintiffs are eligible for the statutory exception to that limitation.  (The ALJ dismissed on JCSB's motion without factfinding on that point, over Plaintiffs objection.)

Therefore, Plaintiffs timely filed a Second Amended Complaint in which it identified claims which it believes the court did NOT dismiss in its order (Counts I-IV); claims that Plaintiffs do not believe were dismissed because they don't appear to be within JCSB's written request for dismissal (Counts V-VI); and claims that Plaintiffs believe the court did dismiss in its order (Counts VII-X, all involving dates outside the two year period of November 24, 2008 to November 24, 2010).

Plaintiffs hope the court will issue a Final Judgment dismissing the claims that it intended to dismiss, leaving the Second Amended Complaint Counts that are not dismissed intact so the parties can proceed to resolve those.  Plaintiffs respectfully request the court consider this approach in order to preserve Plaintiffs rights to consideration of all their claims.

Plaintiffs request the court's leave to have responded in this way in an effort to comply with the court's ruling and preserve client claims.

Plaintiffs counsel was unable to comply with Rule 7.1 consultation on this issue because she determined to make the motion in the middle of the night and desired the court have the explanation when it receives the Second Amended Complaint..   She does not know what opposing counsel's position on the matter is.

THEREFORE, Plaintiffs request that the court issue a Final Judgment on the Counts Second Amended Complaint which the court dismissed, and accept Plaintiffs good faith effort to comply with a court order counsel couldn't understand.

Respectfully submitted this 11th day of October 2013.

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been filed electronically and furnished thereby by Notice of Electronic Filing the above date to Matthew Fuqua, Bondurant and Fuqua, 4450 Lafayette Street, Marianna, FL, mfuqua@embarqmail.com., and Bob L.Harris, Messer, Caparello & Self, PO Box 15579, Tallahassee FL 32317, bharris@lawfla.com.

/s/ Rosemary N. Palmer
Rosemary N. Palmer
FL Bar #70904
5260 Pimlico Drive
Tallahassee FL 32309
(850) 668-9203
ATTORNEY FOR PLAINTIFFS