UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

A.L., by P.L.B., and
P.L.B. for herself

Plaintiffs,

vs. CASE NO.: 5:13-cv-00085-RS-GRJ

Jackson County School Board,

Defendants.
_______________________________________/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

Defendant, JACKSON COUNTY SCHOOL BOARD, by and through the undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint and Request for Jury Trial, and states as follows:

**PRELIMINARY STATEMENT**

The Complaint speaks for itself. Denied that Plaintiffs are entitled to any of the relief sought.

**PARTIES AND JURISDICTION**

1. Admitted that A.L. ("Student") attends Marianna High School as a twelfth grader for the 2013-2014 school year. Denied that Student has attended JCSB at all times relevant to the Complaint. Admitted that A.L. resides in Jackson County, Florida. Otherwise, without knowledge and therefore denied.

2. Admitted.

3. Denied.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted that the parties participated in DOAH Case No. 10-10485E, which was initially filed on November 24, 2010. Admitted that a Final Order was entered in that proceeding on December 27, 2012. Denied that all IDEA claims brought in this proceeding were exhausted in DOAH Case No. 10-10485E. Otherwise, denied.

9. Admitted that the parties participated in DOAH Case No. 10-10485E, which was initially filed on November 24, 2010. Denied that all 504, ADA, and Fourth Amendment claims brought in this proceeding were exhausted in DOAH Case No. 10-10485E. Otherwise, denied.

10. Denied.

11. Admitted for jurisdictional purposes only.

12. Admitted that venue is proper in the United States District Court for the Northern District of Florida, Panama City Division.

13. Denied.

14. Denied.

15. Without knowledge and therefore denied.

16. Without knowledge and therefore denied.

**FACTS**

17. Admitted that Student was evaluated at Morris Center in Gainesville at

Defendant's expense in 2003, which resulted in a Developmental Behavioral Neurology Evaluation and Initial Neurodevelopmental Assessment Summary being prepared by the Morris Center in April, 2003.

      a.  Denied.

      b.  Denied.

      c.  Denied.

      d.  Denied.

      e.  Denied.

      f.  Denied.

      g.  Denied.

      h.  Denied.

      i.  Denied.

18. Denied.

19. Denied.

20. Denied.

      a.  Denied.

      b.  Denied.

      c.  Denied.

      d.  Denied.

      e.  Denied.

      f.  Denied

      g.  Denied.

21. Denied.

22. Admitted.

23. Denied.

     a.  Denied

     b.  Denied

     c.  Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

     a.  Denied.

     b.  Denied.

     c.  Denied.

     d.  Denied.

     e.  Denied.

     f.  Denied.

     g.  Denied.

     h.  Denied.

     i.  Denied.

     j.  Denied.

28. Denied.

     a.  Denied.

      b.  Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

       a.  Denied.

       b.  Denied.

       c.  Denied.

       d.  Denied.

       e.  Denied.

       f.  Denied.

       g.  Denied.

       h.  Denied.

       i.  Denied.

       j.  Denied.

      k.  Denied.

      l.  Denied.

      m. Denied.

      n.  Denied.

      o.  Denied.

40. Denied.

41. Denied.

      a.  Denied.

      b.  Denied.

      c.  Denied.

      d.  Denied.

      e.  Denied.

      f.  Denied.

      g.  Denied.

      h.  Denied.

      i.  Denied.

      j.  Denied.

      k.  Denied.

      l.  Denied.

      m. Denied.

      n.  Denied.

      o.  Denied.

      p. Denied.

q. Denied.

r. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

a. Denied.

b. Denied.

46. Denied.

47. Denied.

**COUNT I**

48. Defendant re-asserts its responses to the foregoing and forthcoming paragraphs as though fully set forth herein.

49. Denied.

a. Denied.

b. Denied.

c. Denied.

d. Denied.

e. Denied.

f. Denied.

g. Denied.

    h.  Denied.

    i.  Denied.

    j.  Denied.

    k.  Denied.

    l.  Denied.

    m. Denied.

    n.  Denied.

    o.  Denied.

    p.  Denied.

    q.  Denied.

    r.  Denied.

    s.  Denied.

    t.  Denied.

    u.  Denied.

    v.  Denied.

    w. Denied.

    x.  Denied.

    y.  Denied.

50. Denied.

51. Denied that Plaintiffs are entitled to any of the relief sought.

    a.  Denied that Plaintiffs are entitled to any of the relief sought.

    b.  Denied that Plaintiffs are entitled to any of the relief sought.

c. Denied that Plaintiffs are entitled to any of the relief sought.

d. Denied that Plaintiffs are entitled to any of the relief sought.

e. Denied that Plaintiffs are entitled to any of the relief sought.

f. Denied that Plaintiffs are entitled to any of the relief sought.

g. Denied that Plaintiffs are entitled to any of the relief sought.

h. Denied that Plaintiffs are entitled to any of the relief sought.

i. Denied that Plaintiffs are entitled to any of the relief sought.

j. Denied that Plaintiffs are entitled to any of the relief sought.

**COUNT II**

52. Defendant re-asserts its responses to the foregoing and forthcoming paragraphs as though fully set forth herein.

53. Denied.

a. Denied.

b. Denied.

c. Denied.

d. Denied.

e. Denied.

f. Denied.

g. Denied.

h. Denied.

i. Denied.

j. Denied.

    k. Denied.

l. Denied.

m. Denied.

n. Denied.

o. Denied.

p. Denied.

q. Denied.

r. Denied.

s. Denied.

t. Denied.

u. Denied.

v. Denied.

w. Denied.

x. Denied.

54. Denied that Plaintiffs are entitled to any of the relief sought.

**COUNT III**

55. Defendant re-asserts its responses to the foregoing paragraphs as though fully set forth herein.

56. Denied.

57. Denied.

a. Denied.

b. Denied.

  c. Denied.

  d. Denied.

  e. Denied.

  f. Denied.

  g. Denied.

  h. Denied.

  i. Denied.

  j. Denied.

58. Denied.

  a. Denied.

  b. Denied.

  c. Denied.

  d. Denied.

  e. Denied.

  f. Denied.

59. Denied.

60. Denied that Plaintiffs are entitled to any of the relief sought.

  a. Denied that Plaintiffs are entitled to any of the relief sought.

  b. Denied that Plaintiffs are entitled to any of the relief sought.

  c. Denied that Plaintiffs are entitled to any of the relief sought.

**COUNT IV**

61. Defendant re-asserts its responses to the foregoing paragraphs as though fully set forth herein.

62. Denied.

63. Admitted.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied that Plaintiffs are entitled to a jury trial.

69. Denied that Plaintiffs are entitled to any of the relief sought.

    a. Denied that Plaintiffs are entitled to any of the relief sought.

    b. Denied that Plaintiffs are entitled to any of the relief sought.

    c. Denied that Plaintiffs are entitled to any of the relief sought.

    d. Denied that Plaintiffs are entitled to any of the relief sought.

**COUNT V**

70. Defendant re-asserts its responses to the foregoing paragraphs as though fully set forth herein.

71. Admitted that the parties participated in DOAH Case No. 10-10485E. Denied that all 504 and ADA claims brought in this proceeding were exhausted in DOAH Case No. 10-10485E. Otherwise, denied.

72. Denied.

73. Denied.

74. Denied.

      a.  Denied.

      b.  Denied.

      c.  Denied.

      d.  Denied.

      e.  Denied.

      f.  Denied.

      g.  Denied.

      h.  Denied.

      i.  Denied.

      j.  Denied.

      k.  Denied.

      l.  Denied.

75. Denied.

      a.  Denied.

      b.  Denied.

      c.  Denied.

      d.  Denied.

      e.  Denied.

      f.  Denied.

76. Denied.

77. Denied that Plaintiffs are entitled to a jury trial.

78. Denied that Plaintiffs are entitled to any of the relief sought.

a. Denied that Plaintiffs are entitled to any of the relief sought.

b. Denied that Plaintiffs are entitled to any of the relief sought.

c. Denied that Plaintiffs are entitled to any of the relief sought.

d. Denied that Plaintiffs are entitled to any of the relief sought.

e. Denied that Plaintiffs are entitled to any of the relief sought.

**COUNT VI**

79. Defendant re-asserts its responses to the foregoing paragraphs as though fully set forth herein.

80. Admitted that the parties participated in DOAH Case No. 10-10485E. Denied that all 504 and ADA claims brought in this proceeding were exhausted in DOAH Case No. 10-10485E. Otherwise, denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

      a.  Denied.

      b.  Denied.

      c.  Denied.

      d.  Denied.

      e.  Denied.

      f.  Denied.

      g.  Denied.

      h.  Denied.

      i.  Denied.

      j.  Denied.

      k.  Denied.

      l.  Denied.

      m.  Denied.

      n.  Denied.

94. Denied.

95. Denied.

96. Denied that Plaintiffs are entitled to a jury trial.

97. Denied that Plaintiffs are entitled to the relief sought.

    a. Denied that Plaintiffs are entitled to the relief sought.

b. Denied that Plaintiffs are entitled to the relief sought.

c. Denied that Plaintiffs are entitled to the relief sought.

d. Denied that Plaintiffs are entitled to the relief sought.

e. Denied that Plaintiffs are entitled to the relief sought.

f. Denied that Plaintiffs are entitled to the relief sought.

g. Denied that Plaintiffs are entitled to the relief sought.

**All allegations not specifically admitted herein are denied. The School Board further denies that Plaintiffs are entitled to any of the relief sought in the Plaintiff's Prayer for Relief.**

By way of separate and distinct affirmative defenses to the entire Third Amended Complaint, the School Board states as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims under the IDEA are barred to the extent the alleged violations of the IDEA occurred more than two (2) years before the date the parent or public agency knew or should have known about the alleged action that forms the basis of the claims. 20 USC 1415(b)(6)(B); Rule 6A-6.03311(9)(b), F.A.C.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs failed to satisfy conditions precedent and/or failed to exhaust administrative remedies.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred to the extent Plaintiffs' claims are based on events that occurred beyond the time periods of the applicable statutes of limitation.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

**FIFTH AFFIRMATIVE DEFENSE**

With respect to Plaintiffs' claims under the ADA and the Rehabilitation Act, Defendant School Board is not required to take any actions that would fundamentally alter the service, program or activity at issue or which would otherwise result in undue financial and administrative burdens. 28 CFR 35.130(b)(7); 28 CFR 35.150(a)(3).

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs may not recover compensatory damages under the ADA or the Rehabilitation Act because Defendant, at all times, acted in a good faith attempt to comply with the applicable law.

**SEVENTH AFFIRMATIVE DEFENSE**

Without admitting that Defendant violated any procedural provision of the IDEA, Rehabilitation Act, or ADA (or their implementing regulations), Plaintiffs cannot prevail on any procedural violation which did not (i) impede A.L.'s right to FAPE, (ii) significantly impede

PLB or A.L.'s father or stepfather's opportunity to participate in the decision-making process regarding provision of FAPE to A.L. or (iii) caused a deprivation of educational benefit. 34 CFR 300.513.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs, or either of them, took any actions or made any statements, reflecting an intent to relinquish or disclaim any right or entitlement under the IDEA, Rehabilitation Act, ADA, or the Fourth Amendment then Plaintiffs' claims are barred by the doctrines of waiver and/or estoppel.

**NINTH AFFIRMATIVE DEFENSE**

Defendant has, at all times, complied with the requirements of the ADA, Rehabilitation Act, and IDEA.

**TENTH AFFIRMATIVE DEFENSE**

All actions of Defendant were taken for legitimate, nondiscriminatory and non-retaliatory reasons and were the result of Defendant's best judgment.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant asserts that all of its actions with respect to the Plaintiffs were based on reasonable factors consistent with the requirements of the IDEA, and Section 504, and their applicable regulations.

**TWELFTH AFFIRMATIVE DEFENSE**

Damages, if any, were the result of the negligence or other behaviors of Plaintiffs.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs have not suffered any injury attributable to any conduct of Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Without conceding that any such searches occurred, any searches conducted by Defendant were reasonable, justified, and conducted for a legitimate and compelling purpose.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Without conceding that any such searches occurred, any search conducted was reasonably related in scope to the circumstance which justified the search.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs have not been deprived of any right, privilege, immunity secured to them by the United States Constitution or any Act of Congress.

**SEVENTEETH AFFIRMATIVE DEFENSE**

Defendant, A.L., had no reasonable expectation of privacy.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Without admitting that any action taken was based on an impermissible motivating factor, the actions complained of by Plaintiffs would have been taken even in the absence of any impermissible motivating factor.

**NINETEENTH AFFIRMATIVE DEFENSE**

Without admitting that Plaintiffs were subjected to any discriminatory behavior, the Defendant avers that it exercised reasonable care to prevent and correct promptly any discriminatory behavior and the Plaintiffs cannot recover for any actions with respect to which Plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by the Defendant or to avoid harm otherwise.

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert further affirmative defenses as they become apparent through discovery or investigation.

**CLAIM FOR ATTORNEYS' FEES**

Defendant hereby requests it be awarded attorneys' fees pursuant to 20 USC 1415 and Rule 6A-6.03311, F.A.C.

WHEREFORE, Defendant requests the court deny Plaintiffs' requested relief and award attorneys' fees and costs to Defendant.

*/s/ Bob L. Harris*
**BOB L. HARRIS**
Florida Bar No. 0460109
bharris@lawfla.com
**JAMES J. DEAN**
Florida Bar No. 0832121
jdean@lawfla.com
**S. DENAY BROWN**
Florida Bar No.: 88571
dbrown@lawfla.com
MESSER CAPARELLO, P.A.
P.O. Box 15579
Tallahassee, FL 32317
Telephone:     (850) 222-0720
Facsimile:     (850) 558-0662

*/s/ H. Matthew Fuqua*
**H. MATTHEW FUQUA**
Florida Bar No. 0451101
mfuqua@embarqmail.com
BONDURANT & FUQUA, P.A.
4450 Lafayette Street (32446)
Post Office Box 1508
Marianna, Florida 32447
Telephone: 850-526-2263
Facsimile:  850-526-5947
*Counsel for Jackson County School Board*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 6, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: Rosemary N. Palmer, Esquire, 5260 Pimlico Drive, Tallahassee, Florida 32309; and to H. Matthew Fuqua, Esq., Bondurant & Fuqua, P.A., 4450 Lafayette Street, Marianna, Florida 32447.

*/s/ Bob L. Harris*
**BOB L. HARRIS**