UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

A.L., by P.L.B., and
P.L.B. for herself,
Plaintiffs,

vs. CASE NO.: 5:13-cv-00085-RS-GRJ

Jackson County School Board,
Defendants.
_____________________________/

**REPORT OF PARTIES' PLANNING MEETING (FORM 52) AND ADDITIONAL MATTERS REQUIRED BY INITIAL SCHEDULING ORDER**

In accordance with the Initial Scheduling Order of the Court, the parties provide the following information:

1. Pursuant to Fed.R.Civ.P. 26(f), the parties initiated conferral through their counsel on January 10, 2014, identified as follows:

   Rosemary N. Palmer, Counsel for Plaintiffs

   Bob L. Harris, Counsel for Defendant

2. **Pre-Discovery Disclosures.** This case is exempt from pre-discovery disclosures under Fed R.Civ.P. 26(a)(1)B)(i) because it is an action on review an administrative record.

3. **Discovery Plan.** To the extent discovery is authorized or necessary in this proceeding, the parties propose to the Court the following discovery plan:

   a. Discovery will be conducted on all matters covered in section 5 below.

b. The parties may seek discovery of information in the form of electronic or computer-based media. The parties have taken and will take reasonable measures to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise. Absent a showing of good cause, discovery of such data shall be limited to data reasonably available in the ordinary course of business. The format and media agreed upon by the parties for the production of electronic or computer-based data will be one commonly available to the general public. The Parties have agreed to destroy any privileged information inadvertently produced. However, if the recipient has a good faith belief that the production was a waiver of privilege, then that Party will petition the Court for an in camera inspection and ruling on the matter of privilege.

c. The Parties agree to seek the Court's assistance in regard to any claims of privilege or protection, as necessary.

d. Defendant's Position: Discovery shall be commenced in time to be completed by June 15, 2014.

Plaintiff's Position: Plaintiffs agree with the June 15, 2014 date. Plaintiffs' counsel is a sole practitioner, representing largely indigent parties without the ability to retain additional help. She also has a chronic illness which impacts her ability to complete work, and sometimes completely incapacitates her, without notice or opportunity to take preventative or ameliorative actions. She is unavailable June 11-August 5, 2014: (jury trial, hearing and preparation in the Middle District of Florida June18-July 19; non-jury trial in the Northern District of Florida July 21-22, 2014; hearing and trial preparation July 23-27 for a pretrial

hearing July 28, 2014 in the Northern District of Florida; and trial prep for a trial ordered to be set the next available date after July 28, 2014 (which has not yet been identified by the court).

e. Defendant's Position: Given the large number of allegations in this proceeding, Defendants request leave to serve an additional twenty-five interrogatories on Plaintiffs, for a total of fifty (50) interrogatories.

Plaintiff's Position: Plaintiffs have no objection to Defendant's request for 50 interrogatories, though Plaintiffs respectfully request that they be required to serve them 45 days before the end of discovery, instead of the normal thirty. Plaintiffs have not yet had a chance for discovery on the discrimination claims (though some of the facts were part of the underlying administrative hearing and therefore already within the administrative record), and, as they are indigent, they need the most inexpensive methods of discovery and authentification of documents. Therefore they seek leave to serve up to 50 Interrogatories and 50 Requests For Admission on the opposing party in this matter, which they will make every effort to serve prior by May 1, 2014. They will seek the court's leave if they need to serve additional.

f. Defendant's Position: The maximum number of requests for admission and production shall be governed by the Federal Rules of Civil Procedure and Local Rules of this Court.

Plaintiff's Position: The maximum number of requests for production shall be governed by the Federal Rules of Civil Procedure and Local Rules of this Court (see above "e" for requests for admission).

g. Defendant's Position: The number and duration of depositions shall be governed by the Federal Rules of Civil Procedure and Local Rules of this Court.

Plaintiff's Position: The number and duration of depositions shall be governed by the Federal Rules of Civil Procedure and Local Rules of this Court. The parties will seek leave of the court if in the course of discovery, they determine more is needed.

h. Defendant's Position: Reports from retained experts under Rule 26(a)(2) are due: from Plaintiffs by March 1, 2014 and from Defendant by April 1, 2014.

Plaintiff's Position: Reports from retained experts under Rule 26(a)(2) are due: from Plaintiffs by April 15, 2014 and from Defendant by May 15, 2014. Plaintiffs have had no discovery on discrimination issues yet, and defendants have all the documents and knowledge of what they did. Plaintiffs cannot determine what experts they may need for this jury trial until they are able to determine through discovery what facts are in dispute. Further Plaintiffs are indigent and it will take a significant search to identify experts willing to testify under those circumstances, and the experts will need to fit them in. They simply cannot do all that before April, 15, 2014, even if Plaintiffs' counsel's disability does not affect the timing at all.

i. The parties agree that supplements are due within fifteen (15) days after discovering the need to supplement and in no event later than thirty five (35) days prior to the close of discovery.

4. **Other Items.**

a. The parties conferred regarding the matter of Magistrate Judge jurisdiction.

b. The parties do not request a conference with the Court before entry of the Scheduling Order.

c. The parties request a Pretrial Conference consistent with the Court's wishes and Plaintiff's counsel's unavailability as outlined in paragraph 3(d) above, and Jackson County School Board's counsel's unavailability on July 21-22, 2014.

d. Plaintiffs should be allowed until February 15, 2014 to move to amend to join additional parties and to amend the pleadings. Defendants should be allowed until March 15, 2014 to move to amend to join additional parties and to amend the pleadings.

e. Defendant's Position: All potentially dispositive motions should be filed no later than thirty (30) days after the close of discovery.

Plaintiff's Position: Because of plaintiff's counsel's unavailability outlined above, plaintiffs request that all potentially dispositive motions will be filed by September 1, 2014.

f. Defendant's Position: The parties believe settlement is unlikely in this matter. They agree that it is not likely that mediation or any other alternative dispute resolution procedures will enhance settlement prospects.

Plaintiff's Position: Plaintiffs agree that it is not likely that mediation or any other alternative dispute resolution procedures will enhance settlement prospects, which are unlikely. And plaintiffs are indigent and without any ability to pay for

mediation: they request the court, if it orders mediation despite the above[1] order mediation without cost to them if the court orders mediation.

g. Defendant's Position: Final list of witnesses and exhibits under Rule 26(a)(3) should be due sixty (60) days prior to the start of trial.

Plaintiff's Position: Because of the scheduling unavailability outlined above, Plaintiffs ask that the final list of witnesses and exhibits under Rule 26(a)(3) should be due no earlier than September 15, 2014. Sixty days prior to Defendants proposed trial date of September would put the due date smack in the middle of a particularly grueling schedule for other matters that would negatively impact Plaintiffs' counsel's ability to adequately prepare, even without the possibility that Plaintiffs' counsel's disability will impact their ability to do so timely.

h. Parties should have fourteen (14) days after service of final list of witnesses and exhibits to list objections under Rule 26(a)(3).

i. Defendant's Position: The Defendant proposes that the case should be ready for trial in October, 2014. The Defendant suggests that an October trial date is appropriate in this matter as the majority of witnesses are school board employees who will be absent during the summer months. In addition, defense counsel has two other trials scheduled for the weeks of July 7 and July 21, 2014, before this Court, and two trials scheduled in September 2014 (one in Southern District, and one before this Court starting the week of September 8, 2014). At this time it is expected to take approximately four (4) days.

---

[1] The parties have mediated once under the Eleventh Circuit program, including these issues.

Plaintiff's Position: The Plaintiffs propose that the case should be ready for trial in October 1, 2014 or thereafter and will require four days after jury selection. Plaintiff's unavailability as described in paragraph 2(d) above makes the October date appropriate.

j. The Parties agree that this case should not be made subject to the Manual for Complex Litigation.

5. **Nature and Basis of Claims and Defenses.**

a. **PLAINTIFFS**: Plaintiffs' claims are generally outlined in their Complaint. They allege errors in the Administrative Law Judge's legal rulings and that certain factual findings are erroneous and not supported by the evidence in the underlying administrative due process case. They also allege discrimination and retaliation under various civil rights laws that protect students with disabilities from discrimination and require that their needs be met as adequately as the needs of non-disabled students are met; and a claim that subjecting a student to pat down searches as a condition of providing extended year services violates the Fourth Amendment; among other things.

b. **DEFENDANT:** Defendant agrees with the findings of facts and conclusions of law as set forth in the Final Order entered by Judge Cleavinger in DOAH Case No. 10-10485E. In particular, Defendant denies Plaintiffs' allegations, including that Plaintiff A.L. did not receive a free and appropriate public education, that Defendant substantively and procedurally violated the IDEA, that Defendant discriminated or retaliated against Plaintiffs, and that Defendant violated Plaintiff

A.L.'s fourth amendment rights. Defendant avers that Plaintiff A.L. was provided a free and appropriate public education and that all IDEA, 504, ADA, and constitutional requirements were complied with. Additionally, all actions with respect to Plaintiffs were taken for legitimate, non-retaliatory, and non-discriminatory reasons and were not in violation of any applicable laws or regulations. Plaintiffs are not entitled to the relief sought in the Complaint.

c. The principal factual and legal issues in dispute are: the findings of fact and conclusions of law set forth in the Final Order in DOAH Case No. 10-10485E. In particular, those issues to be determined include whether Plaintiff A.L. was provided a free and appropriate public education from November, 2008, to November, 2010; whether Defendant complied with the procedural requirements of the IDEA from November, 2008, to November, 2010; whether Defendant retaliated against Plaintiffs under the IDEA; whether Defendant discriminated and retaliated against Plaintiffs under Section 504 or the ADA; and whether Defendant violated Plaintiff's fourth amendment rights.

The parties respectfully request that these timetables and cutoff dates be approved.

DATED this 28th day of January, 2014.

Respectfully submitted,

/s/Rosemary N. Palmer

Rosemary N. Palmer; FBN: 070904
floridalawlady@gmail.com
5260 Pimlico Drive
Tallahassee FL 32309
Telephone: (850) 668-9203

COUNSEL FOR PLAINTIFFS

Respectfully submitted

Bob L. Harris; FBN: 460109
bharris@lawfla.com
Messer Caparello, P.A.
P. O. Box 15579
Tallahassee FL 32317-5579
Telephone: (850) 222-0720
Facsimile: (850) 558-0662

COUNSEL FOR DEFENDANT