UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

A.L., by P.L.B., and
P.L.B. for herself

    Plaintiffs,

vs.                          CASE NO.: 5:13-cv-00085-RS-GRJ

Jackson County School Board,

    Defendants.
_____/

## MOTION TO EXCLUDE ADDITIONAL EVIDENCE

Defendant, JACKSON COUNTY SCHOOL BOARD (herein "School Board"), by and through the undersigned counsel, hereby moves to exclude the entry of additional evidence in this proceeding, and states the following grounds:

1. In this matter, Plaintiffs seek review of the Final Order entered in Florida Division of Administrative Hearing Case No. 10-10485E. The proceedings of which Plaintiffs seek review were brought pursuant to the Individuals with Disabilities Education Act, as codified at 20 USC § 1400, et. seq. (the "IDEA").

2. Pursuant to the provisions of the IDEA and interpreting case law, Plaintiffs should be foreclosed from supplementing the administrative record or otherwise introducing new evidence in this review proceeding, as explained more fully below.

## MEMORANDUM OF LAW

1

The IDEA contains an extensive framework under which parents can "present complaints with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a [FAPE] to [a] child." 20 U.S.C. § 1415(b)(6). As part of this framework, parents first have the opportunity for "an impartial due process hearing, which shall be conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency." 20 U.S.C. § 1415(f)(1)(A). "[T]he philosophy of the IDEA is that plaintiffs are required to utilize the elaborate administrative scheme established by the IDEA before resorting to the courts to challenge the actions of the local school authorities." *M.T.V. v. Dekalb Cnty Sch. Dist.*, 446 F.3d 1153, 1157-1159 (11th Cir. 2006) (quoting *N.B. v. Alachua Cnty Sch. Bd.*, 84 F.3d 1376, 1378 (11th Cir. 1996)).

The IDEA requires that a plaintiff must first exhaust its administrative remedies by filing and completing such administrative proceeding prior to bringing an action in any state court of competent jurisdiction or district court of the United States. *See* 20 U.S.C. § 1415(b)(6), (f), (i)(2)(A); *J.P. v. Cherokee Cnty Bd. of Ed.*, 218 Fed. Appx. 911, 913 (11th Cir. 2007). Only after a decision is made in such administrative proceeding is an aggrieved party entitled to "bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2)(A).

In such civil action, the court:

> **(i)** shall receive the records of the administrative proceedings;
> **(ii)** shall hear additional evidence at the request of a party; and
> **(iii)** basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

20 U.S.C. § 1415(i)(2)(C). Although this IDEA provision states that the district courts "shall" hear additional evidence, the Eleventh Circuit "has not previously read that as a mandate to take additional evidence any time a party so requests." *K.A. v. Fulton Cnty. Sch. Dist.*, 2013 WL 6698072, at *9 (11th Cir. Dec. 20, 2013) (quoting *G.J. v. Muscogee Cnty. Sch. Dist.*, 668 F.3d 1258, 1268 (11th Cir. 2012)). Rather, the Eleventh Circuit has deemed the admission of additional evidence "discretionary" and has cautioned that "[w]hile the IDEA instructs that a district court shall hear additional evidence at the request of a party, the determination of what is 'additional' evidence must be left to the discretion of the trial court which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial de novo." *A.K. v. Gwinnett Cnty. Sch. Dist.*, 2014 WL 563281, at *3 (11th Cir. Feb. 14, 2014)(internal citations omitted)(quoting *Walker Cnty. Sch. Dist. v. Bennett ex. rel. Bennett*, 203 F. 3d 1293, 1298 (11th Cir. 2000)); *see G.J. v. Muscogee Cnty. Sch. Dist.*, 668 F.3d 1258, 1268 (11th Cir. 2012). These prohibitions on additional evidence are also applicable to Plaintiffs' claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.* ("ADA"), the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"); and the Fourth Amendment, U.S. Const. amend. IV, as Plaintiffs were required to exhaust any such claims at the administrative level. *See* 20 U.S.C. § 1415(l); *M.T.V.*, 446 F.3d at 1158 ("Thus, whether claims asserting the rights of disabled children are brought pursuant to the IDEA, the ADA, Section 504, or the Constitution, they must first be exhausted in state administrative proceedings."); *Babicz v. Sch. Bd. of Broward Cnty.*, 135 F.3d 1420, 1422 n. 10 (11th Cir. 1998), *G.J. v. Muscogee Cnty. Sch. Dist.*, 704 F.Supp.2d 1299, 1311 (M.D. Ga. March 25, 2010).

This matter presents to this Court with a substantial and lengthy administrative record. The administrative hearing in this matter lasted for 23 days, which occurred over a span of six

(6) weeks, and at which Plaintiffs presented over 160 exhibits as well as the testimony of over 60 witnesses, including two witnesses offered as experts. The record itself, exclusive of the documentary exhibits, spans 30 volumes consisting of over 4900 pages. The entire record, including exhibits, constituted 68 separate volumes and 13,544 pages. In addition, during the administrative proceeding, Plaintiffs and Defendant engaged in extensive discovery, wherein Plaintiffs requested and received thousands of pages of documents from Defendant through discovery and public records requests. The Final Order entered by the administrative law judge, who was steeped with experience in these matters, is 191 pages long and concludes by not supporting a single claim made by Plaintiffs. Any suggestion by Plaintiffs that the administrative record is not complete or does not sufficiently enable this Court to adequately determine the issues at hand is thus without merit. Moreover, given the expansive administrative record, any additional evidence would likely be cumulative or irrelevant.

WHEREFORE, the School Board respectfully requests the entry of an Order excluding the entry of additional evidence in this proceeding.

**CERTIFICATE OF CONFERRAL WITH OPPOSING COUNSEL**

Counsel for Defendant certify that prior to filing this Motion, they, in good faith, conferred or attempted to confer with counsel for Plaintiffs. Plaintiffs expressed their opposition to the Motion.

Respectfully submitted this 28th day of February, 2014.

_____/s/ Bob L. Harris_____
**BOB L. HARRIS, ESQ.**
FL Bar No: 460109
**S. DENAY BROWN, ESQ.**
FL Bar No: 88571

Messer, Caparello & Self, P.A.
Post Office Box 15579
Tallahassee, FL 32317
Phone: 850-222-0720
Facsimile: 850-558-0662

COUNSEL FOR JACKSON COUNTY
SCHOOL BOARD

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2014, I electronically filed the foregoing with the Clerk of the Court for the Northern District of Florida by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

_____/s/  Bob L. Harris_____
**BOB L. HARRIS, ESQ.**
FL Bar No: 460109
**S. DENAY BROWN, ESQ.**
FL Bar No: 88571
Messer, Caparello & Self, P.A.
Post Office Box 15579
Tallahassee, FL 32317
Phone: 850-222-0720
Facsimile: 850-558-0662

COUNSEL FOR JACKSON COUNTY
SCHOOL BOARD