UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

A.L. and P.L.B.

    Plaintiffs,

vs.                                                                                          CASE NO.: 5:13-cv-00085-RS-GRS

JACKSON COUNTY SCHOOL BOARD,

    Defendants.

_____/

**DEFENDANT'S MOTION FOR CASE MANAGEMENT CONFERENCE
WITH INCORPORATED MEMORANDUM OF LAW**

COMES NOW the Defendant, JACKSON COUNTY SCHOOL BOARD ("Defendant") by and through the undersigned counsel and pursuant to Rule 16, Federal Rules of Civil Procedure, and N.D. Fla. Loc. R. 7 and files this Motion for Case Management Conference and in support thereof states as follows:

1. Rule 16(a) of the Federal Rules of Civil Procedure, provides as follows:

   In any action, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as:
   (1) expediting disposition of the action;
   (2) establishing early and continuing control so that the case will not be protracted because of lack of management;
   (3) discouraging wasteful pretrial activities;
   (4) improving the quality of the trial through more thorough preparation; and
   (5) facilitating settlement.

Fed. R. Civ. P. 16.

2. On or about April 29, 2014, Defendant served on Plaintiffs its first Request for Production and First Interrogatories. Defendant's First Interrogatories to Plaintiffs included

requests to Plaintiffs to "[p]lease state whether [they] intend or desire to supplement the record in this matter" and, if they answered the foregoing in the affirmative, to "identify each and every document with which [they] intend or desire to supplement the record in this matter and identify each and every person whose testimony [they] intend or desire to offer to supplement the record in this matter." Likewise, Defendant's First Request for Production of Documents requested from Plaintiffs "[a]ll documents referenced in your responses to Defendant's First Interrogatories to Plaintiffs, served of even date herewith."

3. Plaintiffs' responses to such discovery requests were initially due on May 29, 2014. Plaintiff did not respond to the discovery requests on that date, however, and instead filed a Motion for Extension of Time to Serve Discovery Responses (doc. 63, 64) wherein Plaintiffs sought, and were granted (doc. 65), an extension of time to June 2, 2014 to respond. Nonetheless, Plaintiffs still failed to meet such deadline and, instead, on June 3, 2014 served Defendant with "draft" discovery responses and 119 pages of documents. In the correspondence conveying such drafts, Counsel for Plaintiffs indicated that "this is a draft of our responses to discovery. We did not get it completely finished because of PLB's disabilities this time, and will do so on June 4, 2014." On June 4, 2014, Plaintiffs provided an additional 21 pages of documents but no "final" response to the Request to Produce or any final verified answers to the Interrogatories. On June 11, 2014 Plaintiffs served Defendant with final, verified answers to the Interrogatories. To date, however, Plaintiffs have still failed to provide Defendant with a "final" response to Defendant's Request to Produce.

4. Plaintiffs' Interrogatory responses indicate that "Plaintiffs have not determined whether or not they will supplement the record" and that "they cannot identify each and every documents, or even any persons that might be required to testify."[1]

5. As evidenced by the foregoing discovery requests, as well as Defendant's previously filed Motion to Exclude Additional Evidence (doc. 36), which was denied as premature (doc. 45), Defendant has exercised all possible means to ascertain and identify the documents with which Plaintiffs intend to supplement the record in this matter. Due to Plaintiffs evasiveness and failure to cooperate, however, such efforts have been to no avail. Nonetheless, the discovery deadline in this matter is June 16, 2014[2], thus making dispositive motions due no later than July 7, 2014. (Doc. 32.) Based upon the foregoing, as well as other actions of Plaintiffs[3], it is apparent that Plaintiffs will continue to refuse to provide Defendant with the requested information prior to Defendant having to file its dispositive motion.

6. It is indisputable that Defendant will be highly prejudiced if it is required to file its dispositive motion in this matter without having any knowledge as to whether Plaintiffs even intend to attempt to supplement the record in this matter, much less without knowledge of what documents or witnesses Plaintiffs intend to utilize to do so.

7. Additionally, Defendant currently has pending before this Court a Motion to Disqualify Plaintiffs' Counsel. (Docs. 67, 68.)

---

[1] Based upon Plaintiffs' deficient and evasive responses to the Discovery requests, Defendant also intends to file a Motion to Compel prior to the discovery deadline.

[2] The discovery deadline of June 15, 2014 as stated in the Scheduling and Mediation Order, is a Sunday, thus making the actual deadline June 16, 2014 per Rule 6, Federal Rules of Civil Procedure. (Doc. 32.)

[3] Such other actions include Plaintiffs failure to comply with discovery requests and related Court Orders in related case *A.L. and P.L.B. v. Jackson Cnty. Sch. Bd.*, N.D. Fla., Case No. 5:13-cv-00178-RS-GRS, which forced Defendant to file a Motion to Compel (doc. 48) and file its dispositive motion (doc. 64) prior to the resolution of issues nearly identical to those raised herein.

8. As a result of the foregoing outstanding issues and the necessity of a prompt resolution of such issues to avoid further prejudicial effect on Defendant, Defendant respectfully requests that this Court schedule a Case Management Conference, which will serve the purposes of expediting disposition of the action, discouraging wasteful pretrial activities, and improving the quality of the trial.

WHEREFORE, Defendant respectfully requests entry of an order requiring the parties and their attorneys to be present at a pretrial conference at a time and place to be designated by the Court.

### CERTIFICATE OF CONFERRAL WITH OPPOSING COUNSEL

Counsel for Defendant certifies that prior to filing this Motion, they, in good faith, conferred with counsel for Plaintiffs in an effort to reach resolution of the issues raised herein. Counsel for the Defendant advised Ms. Palmer of its intent to file this Motion and asked whether Ms. Palmer would consent, but we have received no response.

Respectfully submitted this 12th day of June, 2014.

 /s/ Bob L. Harris
**BOB L. HARRIS**
Florida Bar No. 0460109
bharris@lawfla.com
**JAMES J. DEAN**
Florida Bar No. 0832121
jdean@lawfla.com
**S. DENAY BROWN**
Florida Bar No.: 88571
dbrown@lawfla.com
MESSER CAPARELLO, P.A.
P.O. Box 15579
Tallahassee, FL 32317
Telephone:   (850) 222-0720
Facsimile:    (850) 558-0662

    */s/ H. Matthew Fuqua*
**H. MATTHEW FUQUA**
Florida Bar No. 0451101
mfuqua@embarqmail.com
BONDURANT & FUQUA, P.A.
4450 Lafayette Street (32446)
Post Office Box 1508
Marianna, Florida 32447
Telephone: 850-526-2263
Facsimile:  850-526-5947
*Counsel for Jackson County School Board*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 12, 2014, I electronically filed the foregoing Amended Motion with the Clerk of the Court for the Northern District of Florida by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

    */s/ Bob L. Harris*
**BOB L. HARRIS**