UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

A.L. and P.L.B.

    Plaintiffs,

vs.                                                CASE NO.: 5:13-cv-00085-RS-GRS

JACKSON COUNTY SCHOOL BOARD,

    Defendants.

_____/

**DEFENDANT'S MOTION TO COMPEL
WITH INCORPORATED MEMORANDUM OF LAW**

COMES NOW the Defendant, JACKSON COUNTY SCHOOL BOARD ("Defendant") by and through the undersigned counsel and pursuant to Rule 37, Federal Rules of Civil Procedure, and moves this court for an Order directing Plaintiffs A.L. and P.L.B. ("Plaintiffs") to respond to Defendant's discovery requests, and to award reasonable expenses, including attorneys' fees, incurred in bringing this motion, and in support thereof states as follows:

1. The standard set forth by Federal Rule of Civil Procedure 26(b)(1) is that:

   Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

2. Rule 37(a)(3)(B), Federal Rules of Civil Procedure, provides that:

   [a] party seeking discovery may move for an order compelling an

>answer, designation, production, or inspection.  This motion may be made if: …
>(iii) a party fails to answer an interrogatory submitted under Rule 33; or
>(iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34.

In addition, 37(a)(4), Federal Rules of Civil Procedure, provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

     3.     On April 29, 2014, Defendant properly served Plaintiff with its First Request For Production and First Interrogatories. [A true and correct copy of the First Request for Production and First Interrogatories are attached hereto as Exhibits A and B, respectively.]

     4.     Plaintiffs' responses to such requests were initially due on May 29, 2014. On May 29, 2014, Plaintiffs filed a Motion for Extension to Serve Discovery Responses (doc. 63), wherein Plaintiffs requested a four day extension to respond to Defendant's discovery requests. On May 30, 2014, Plaintiffs filed an Amended Motion for Extension to Serve Discovery Responses (doc. 64), solely to include a page omitted from the original filing. On June 2, 2014, this Court granted Plaintiffs' Motion and ordered that Plaintiff serve their discovery responses not later than June 2, 2014. (Doc. 65.)

     5.     Plaintiffs failed to meet such deadline. On June 3, 2014, Plaintiff served Defendant with "draft" discovery responses and 119 pages of documents. [A true and correct copy of the Draft Plaintiffs' Response to Defendant's Request for Production is attached hereto as Exhibit C.] In the correspondence conveying such drafts, Counsel for Plaintiffs indicated that "this is a draft of our responses to discovery.  We did not get it completely finished because of PLB's disabilities this time, and will do so on June 4, 2014." On June 4, 2014, Plaintiffs provided an additional 21 pages of documents but no "final" response to the Request for Production nor

any final verified answers to the Interrogatories.

6.      On June 11, 2014 Plaintiffs served Defendant with final, verified answers to the Interrogatories. [A true and correct copy of Plaintiffs' Answers to Defendant's First Set of Interrogatories is attached hereto as Exhibit D.]

7.      For the reasons set forth below, Defendant respectfully requests that this Court enter an order compelling Plaintiffs to respond appropriately and fully to Defendant's discovery requests in this matter.

8.      Defendant has incurred expenses and costs, including attorneys' fees, in bringing this Motion. Pursuant to Rule 37(a)(5), Federal Rules of Civil Procedure, Defendant is entitled to an award of such attorneys' fees and costs incurred in preparing this Motion.

## REQUEST FOR PRODUCTION

9.      To date, Plaintiffs have failed to serve Defendant with a "final" response to Defendant's Request to Produce.

10.     In addition, assuming that Plaintiffs' "draft" response raises the same objections as will be contained in the "final" version, Plaintiffs' have raised unfounded objections and have refused to produce documents which are responsive to such requests and to which Defendant is entitled. Defendants, therefore, seek to compel the production of the following documents:

**Requests 8, 12, 13, 14, 15, 16, 18, 19, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 38, 40, 42, 43, 44, 45, 46, 52, 67:** Every document of any kind that supports or relates to the allegations in Paragraph [23, 27-31, 33, 34, 39-56, 58, 62, 64-71, 80, 95] of your Third Amended Complaint, other than those documents which were admitted as exhibits in Florida Division of Administrative Hearing Case No. 10-10485E.

**Plaintiffs' response[1]:** Petitioners' Exhibit Book and JCSB's Exhibit Book, Hearing Transcript, and AL's educational records, all of which JCSB already has in their possession and therefore

---

[1] Plaintiffs' responses to Requests 12, 26, 27, 29, 46, 52, 67 contain an additional sentence to which Defendant does not take issue. Those responses have therefore been included in this section, despite not exactly matching this response, for ease of reference by this Court.

would be duplicative and overly burdensome to produce.

**Defendant's position:** In such responses, Plaintiffs have identified "AL's educational records" without identifying or providing copies of the specific documents within AL's educational records that they believe support their allegations. AL has been a student in the Jackson County School District for over ten years and his "educational records" consist of thousands of pages of documents. Plaintiffs' generalized answer of "AL's educational records" is evasive and is not responsive to Defendant's request. Defendant, accordingly, requests that Plaintiffs be ordered to produce the specific documents from "AL's educational record" which they reference.

**Request 9:** Every document of any kind that supports or relates to the allegations in Paragraph 24 of your Third Amended Complaint, other than those documents which were admitted as exhibits in Florida Division of Administrative Hearing Case No. 10-10485E.

**Applicable portion of Plaintiffs' response:** Plaintiff PLB believes there may be more, but has been unable to recall what they are, where they are, and has not found them after diligent search.

**Defendant's position:** Defendant is entitled to the documents requested. Plaintiffs' response claiming an inability to remember is not a valid objection and is not responsive to such request. Overall, such response is evasive and amounts to a refusal to provide responsive documents, as required. Defendant requests that Plaintiffs be ordered to produce all requested documents.

**Requests 5, 17, 20, 21, 22, 23, 37, 47, 48, 49, 50, 51, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66:** Every document of any kind that supports or relates to the allegations in Paragraph [19, 32, 35, 36, 37, 38, 57, 72, 73, 74, 75, 76, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94] of your Third Amended Complaint, other than those documents which were admitted as exhibits in Florida Division of Administrative Hearing Case No. 10-10485E.

**Applicable portions of Plaintiffs' responses:**

Petitioners' Exhibit Book and JCSB's Exhibit Book, Hearing Transcript, and AL's educational records, all of which JCSB already has in their possession and therefore would be duplicative and overly burdensome to produce.

AND:

Plaintiffs believe that JCSB has documents in its possession meeting this criteria that have not been provided to Plaintiffs. Therefore they cannot identify and disclose them to JCSB at this time;
Or: Plaintiffs believe JCSB has documents in its possession supporting or relating to this paragraph, that JCSB has not yet produced to Plaintiffs;
Or: Plaintiffs believe JCSB has in its possession additional documents that are responsive, but since JCSB has not provided them to Plaintiffs, Plaintiffs cannot identify them;
Or: Also Plaintiffs believe there is or may be documents in JCSB possession that support or

relates to the allegations in this paragraph, that JCSB has not yet disclosed to Plaintiffs, and therefore Plaintiffs cannot produce.[1]

**Defendant's position:** Plaintiffs state that they cannot produce the requested documents because they "have not been provided to Plaintiffs" or "cannot identify" the documents because JCSB has not provided or produced them. This statement is neither a valid objection nor an appropriate response, especially when considering that Plaintiffs initiated this litigation and bear the burden of proof. Overall, such response is evasive and amounts to a refusal to provide responsive documents, as required. Defendant is entitled to the documents requested. If Plaintiffs have no documents responsive to such request, the appropriate answer is "none," not the foregoing language. As a result, Defendant requests that Plaintiffs be ordered to produce the requested documents.

Additionally, in such responses, Plaintiffs have identified "AL's educational records" without identifying or providing copies of the specific documents within AL's educational records that they believe support their allegations. AL has been a student in the Jackson County School District for over ten years and his "educational records" consist of thousands of pages of documents. Plaintiffs' generalized answer of "AL's educational records" is evasive and is not responsive to Defendant's request. Defendant, accordingly, requests that Plaintiffs be ordered to produce the specific documents from "AL's educational record" which they reference.

**Requests 39:** Every document of any kind that supports or relates to the allegations in Paragraph 59 of your Third Amended Complaint, other than those documents which were admitted as exhibits in Florida Division of Administrative Hearing Case No. 10-10485E.

**Plaintiffs' response:** Petitioners' Exhibit Book and JCSB's Exhibit Book, Hearing Transcript, and AL's educational records, all of which JCSB already has in their possession and therefore would be duplicative and overly burdensome to produce. AL's educational records since 2010 which are in JCSB's possession and would be therefore duplicative and overly burdensome to produce. Attached are additional documents about the nature of the stress. Plaintiffs have produced AL's medical records and therefore it would be duplicative to produce again. PLB's medical records will be produced for copying by JCSB as soon as PLB gets them (see answer to Interrogatory #4).

**Defendant's position:** In such response, Plaintiffs have identified "AL's educational records" and "AL's educational records since 2010" without identifying or providing copies of the specific documents within AL's educational records that they believe support their allegations. AL has been a student in the Jackson County School District for over ten years and his "educational records" consist of thousands of pages of documents. His educational records from 2010 to the present alone consist of hundreds of pages of documents. Plaintiffs' generalized answers of "AL's educational records" and "AL's educational records since 2010" is evasive and is not responsive to Defendant's request. Defendant, accordingly, requests that Plaintiffs be ordered to produce the specific documents from "AL's educational record" which they reference.

---

[1] The foregoing responses each contain one of these phrases. While Defendant acknowledges that they are not the exact same, they are all variations of the same deficient response and Defendant is thus addressing them jointly herein for ease of reference for this Court.

In addition, Plaintiffs have failed to provide the medical records of PLB, as requested. Given that today is the close of discovery, Plaintiffs' initial response that "PLB's medical records will be produced for copying by JCSB as soon as PLB gets them" is insufficient.

**Request 68:** Every document of any kind that supports or relates to the remedies you seek in this action, including but not limited to documents relating to the method by which you calculate your claimed damages, documents showing expenses incurred by A.L. or P.L.B., documentation of any time P.L.B. allegedly spent teaching A.L., and any documents relating to or considered or utilized in determining any hourly rates requested.

**Plaintiffs' response:** Plaintiffs have attached documents responsive. Plaintiffs believe that JCSB has additional documents in its possession responsive that they have not provided to Plaintiffs, and therefore Plaintiffs cannot produce them to JCSB. Plaintiffs object to filing the attorney due process fee records supporting the due process attorney fees as they disclose attorney mental impressions and work product. PLB believes she may have additional documents responsive, but after diligent search has not been able to find them or remember where or what they are.

**Defendant's position:** Plaintiffs state that they cannot produce the requested documents because JCSB has documents that "have not been provided to Plaintiffs." This is neither a valid objection nor an appropriate response, especially when considering that Plaintiffs initiated this litigation and bear the burden of proof. Defendant is entitled to the documents requested. Overall, such response is evasive and amounts to a refusal to provide responsive documents, as required. If Plaintiffs have no documents responsive to such request, the appropriate answer is "none," not the foregoing language. As a result, Defendant requests that Plaintiffs be ordered to produce the requested documents.

Plaintiffs' also claim that they cannot produce responsive documents due to an inability to remember what they are or find them. This, likewise, is not a valid objection and is not responsive to such request. Overall, such response is evasive and amounts to a refusal to provide responsive documents, as required. Defendant requests that Plaintiffs produce all requested documents.

**Request 70:** All documents referenced in your responses to Defendant's First Interrogatories to Plaintiffs, served of even date herewith.

**Plaintiffs' response:** Plaintiffs object on the basis that this request is duplicative, overly burdensome, and easier for JCSB to obtain and/or already in their possession. Without waiving those objections, Plaintiffs have attached documents that do not fit those objections.

**Defendant's position:** Plaintiffs' objection is simply boilerplate. Plaintiffs fail to provide any basis for their objections of such request being duplicative or overly burdensome, and Defendant is therefore without knowledge as to the basis for such claims. Such objections are, resultantly, insufficient. If Plaintiffs' referenced or identified a document in their Interrogatory responses, Defendant is simply entitled to a copy of that document. Moreover, Plaintiffs' boilerplate

objection, when coupled with the production of some documents does not enable Defendant to determine whether any documents were actually withheld pursuant to such objections.

Lastly, Defendants have identified documents, including medical records, in their interrogatory answers, but have not provided those documents (see comments to request 39). Defendant requests that Plaintiffs be ordered to produce all requested documents.

## **INTERROGATORIES**

11. In their responses to Defendant's interrogatories, Plaintiffs' have raised unfounded objections and refused to provide to information which is responsive to such requests and to which Defendant is entitled. Defendants, therefore, seek to compel the following:

**Interrogatory 1:** Please state whether you intend or desire to supplement the record in this matter.

**Plaintiffs' response:** Other than as provided herein, Plaintiffs have not determined whether or not they will supplement the record. They have not yet received from JCSB the documents which are in their possession that may lead to admissible information concerning JCSB's failure to meet AL's needs as adequately as they met the needs of AL's typical peers in violation of Section 504/ADA. When JCSB produces those documents, Plaintiffs intend to supplement the record with them. Plaintiffs expects to ask the court to considered the proffered exhibits and testimony contained in the administrative record of the appealed DOAH Case 10-10485E. Plaintiffs expect to ask the court to consider evidence in rebuttal of Dr. Oakland's testimony about AL's capacity to learn and that the services offered AL were appropriate in the same way that the ALJ considered progress data. Plaintiffs also expect to present the full case, including the witnesses required to prove discrimination under Section 504/ADA and retaliation and provide evidence of economic and non-economic damages under Section 504/ADA , and the Fourth Amendment to the jury.

**Defendant's position:** This Motion to Compel is being filed on the discovery deadline in this matter. Plaintiffs' claims that they "have not determined whether or not they will supplement the record" are thus entirely inappropriate. Plaintiffs' cannot reasonably believe that it is even remotely appropriate to wait until after the close of discovery to decide whether to supplement the record. Plaintiffs' conduct and claims to "have not yet determined whether or not they will supplement the record" is a brazen and unethical attempt to be evasive, uncooperative, and intentionally conceal necessary information and documents from Defendant.

Moreover, Plaintiffs statement that they cannot provide the requested information because they "not yet received from JCSB the documents which are in their possession that may lead to admissible information" is neither a valid objection nor an appropriate response, especially when considering that Plaintiffs initiated this litigation and bear the burden of proof. Defendant is

entitled to the information requested.

Overall, such response is evasive and amounts to a refusal to provide responsive information, as required. Defendants request that Plaintiffs be ordered to provide the requested information or be foreclosed from even attempting to supplement the record in this matter.

**Interrogatory 2:** If you answered Interrogatory 1 in the affirmative, identify each and every document with which you intend or desire to supplement the record in this matter and identify each and every person whose testimony you intend or desire to offer to supplement the record in this matter.

**Plaintiffs' response:** Plaintiffs have not yet received the records as explained above from JCSB. Therefore they cannot identify each and every document, or even any persons that might be required to testify. The documents and testimony that was proffered in the appealed DOAH Case 10-10485E is as easily (or more easily since JCSB failed to provide an electronic format of the record to Plaintiffs) obtained by Defendants as by Plaintiffs. This request is overly burdensome as it requires hours of review of a record that JCSB already has in its possession, and knows which exhibits and testimony was proffered. The documents that we will ask the court to admit as additional evidence in the IDEA claims are those documenting AL's grade 11 grades, and the private services provide AL in the summer of 2013, and the ACT scores for February, June, and September 2013 administrations that show the impact of those summer services, which rebut Dr. Oakland's testimony. AL and PLB will testify about those grades and services. It would be overly burdensome for Plaintiffs to provide the grade reports because JCSB generates the grade report and still has them in AL's educational records. Dr. Leesa Bailey may testify about PLB's need for antidepressants because of the bullying of AL and the school's denial of fape and the effect of the school retaliating against her and not rescheduling the meeting when requested for her illness, and JCSB treating her different because she was advocating for AL. Plaintiffs also has a number of documents and receipts and compilations pertaining to damages, which are being produced in response to RFP. We expect those on the witness list for the administrative hearing to testify on the discrimination claims.

**Defendant's position:** See Defendant's position for Interrogatory 1, above. In addition, Defendant notes that despite saying in response to interrogatory one that they **"**expect to ask the court to consider evidence in rebuttal of Dr. Oakland's testimony about AL's capacity to learn and that the services offered AL were appropriate in the same way that the ALJ considered progress data," Plaintiffs fail to identify an expert witness in their response to this interrogatory (not to mention that they also failed to disclose an expert witness and provide their report by the deadline established in this matter, which has long since passed). Plaintiffs should therefore be barred from presenting any expert witness testimony in this matter.

Plaintiffs' objection that this request is "overly burdensome" is without merit. Plaintiffs' response to interrogatory 1 indicates that Plaintiffs do intend to attempt to supplement the record in this matter. In order to do so, Plaintiffs must, inevitably, determine the documents and witnesses with which they will attempt to supplement the record. Thus, a request that Plaintiffs provide Defendant with such documents and witnesses cannot even arguably be "overly

burdensome." Rather, such objection is simply an attempt to be evasive and avoid providing Defendant with information necessary to enable it to summarily dispose of this matter. Moreover, such objection is especially baseless when considering that Plaintiffs initiated this litigation and bear the burden of proof. If Plaintiffs are overburdened by providing the information necessary to support their own allegations, they should consider reducing their allegations or otherwise limiting the scope of this proceeding. Overall, such response is evasive and amounts to a refusal to provide responsive information, as required. Defendants request that Plaintiffs be ordered to provide the requested information or be foreclosed from even attempting to supplement the record in this matter.

**Interrogatory 3:** Other than those persons who testified in Florida Division of Administrative Hearing Case No. 10-10485E, identify each and every person known to you, your agents, or attorneys, who has knowledge about the allegations as stated in your Third Amended Complaint, and state the subject matter of their knowledge.

**Plaintiffs' response:** Plaintiffs do not know who else has knowledge about JCSB's failure to meet AL's needs as adequately as it meets the needs of non-disabled student. They suspect JCSB employees may have it, but as JCSB has not yet identified anyone who does, Plaintiffs cannot respond to this question until JCSB does. Plaintiffs do believe that AL's teachers in 10, 11, and 12 grade have knowledge of AL's instruction and what they were told to do to and about him and his services and participation in IEP meetings and accommodations. Plaintiffs believe that those the School Board invited to IEP meetings during the time frame of the allegations in this case may have information. Plaintiffs do not know more, and therefore they object on the grounds that the information is more easily obtained by Defendants than provided by themselves. Dr. Leesa Bailey has information about PLB's need for antidepressants because of the bullying and school actions during the time frame of the claims in this case. Plaintiffs will testify about their damages because JCSB discriminated and/or retaliated against them, and unreasonably search AL.

**Defendant's position:** This Motion to Compel is being filed on the discovery deadline in this matter. It is simply far too late for Plaintiffs to just "not know" anything about their claims. Plaintiffs' claims that they "do not know who else has knowledge" are thus entirely inappropriate. Moreover, Plaintiffs claims that they cannot identify persons with knowledge because "JCSB has not yet identified anyone who does" is not a valid objection nor is it an appropriate response, especially when considering that Plaintiffs initiated this litigation and bear the burden of proof. A general recitation of "AL's teachers in 10, 11, and 12 grade" and "those the School Board invited to IEP meetings during the time frame of the allegations" does not provide the required level of specificity which allows Defendant to identify those persons Plaintiffs intend to attempt to call in this proceeding. Lastly, Plaintiffs position that "the information is more easily obtained by Defendants than provided by themselves" is absurd. Simply, Defendant is entitled to the information requested and Plaintiffs responses are nothing more than an attempt to shift the burden of proof in this proceeding.

**Interrogatories 6-50:** Identify by exhibit number, bates number, and brief description, each

exhibit admitted in Florida Division of Administrative Hearing Case No. 10-10485E, which supports or relates to the allegations in Paragraph [__] of your Third Amended Complaint.

**Plaintiffs' response:** PLAINTIFFS OBJECT ON THE GROUNDS THAT ANSWERING THIS QUESTION IS UNDULY BURDENSOME, IS UNREASONABLY CUMULATIVE OR DUPLICATIVE, AND/OR DEFENDANTS CAN OBTAIN IT AS EASILY AND WITH LESS BURDEN THAN PLAINTIFFS BECAUSE JCSB NEVER PROVIDED PLAINTIFFS AN ELECTRONIC SEARCHABLE COPY OF THE HEARING TRANSCRIPT. FURTHER, THE BURDEN OF THE 40 HOURS OR MORE OF PRODUCING THIS OUTWEIGHS ITS LIKELY BENEFIT CONSIDERING THE NEEDS OF THE CASE, AND PLAINTIFFS' RESOURCES. FURTHER, IT IS INTENDED TO ACCESS ATTORNEY MENTAL IMPRESSIONS AND STRATEGIES.

WITHOUT WAIVING THAT OBJECTION, THE FOLLOWING EXHIBITS "SUPPORT OR RELATES TO" THE REQUEST: PETITIONERS EXHIBITS 1-52, BATES STAMPED 0001-1304; AND ALL DEFENDANT'S EXHIBITS, EACH OF WHICH WERE ORIGINALLY PUBLISHED WITH A TABLE OF CONTENTS INCLUDING A BRIEF DESCRIPTION.

**Defendant's position:** Plaintiffs' objection is simply boilerplate and provides no factual basis for their claims of such request being unduly burdensome and unreasonably cumulative or duplicative. Defendant is therefore without knowledge as to the basis for such claims. Such objections are, resultantly, insufficient. As to Plaintiffs' claim that the burden of "40 hours or more of producing this outweighs its likely benefit considering the needs of the case, and Plaintiffs' resources" is not a valid objection nor is it an appropriate response, especially when considering that Plaintiffs initiated this litigation and bear the burden of proof. Defendant is entitled to the information requested. If Plaintiffs are overburdened by providing the information necessary to support their own allegations, they should consider reducing their allegations or otherwise limiting the scope of this proceeding. Overall, such objection is an attempt to be evasive and avoid providing Defendant with information necessary to enable it to summarily dispose of this matter. Plaintiffs likewise provide no factual basis for their claims that such request is "intended to access attorney mental impressions and strategies." Defendant is therefore without knowledge as to the basis for such claims and such objection is, resultantly, insufficient.

## CERTIFICATE OF CONFERRAL WITH OPPOSING COUNSEL

Counsel for Defendant certifies that prior to filing this Motion, they, in good faith, conferred with counsel for Plaintiffs in an effort to obtain the information sought without resort to court actions but such efforts were unsuccessful.

## CONCLUSION

WHEREFORE, Defendant respectfully request entry of an order directing Plaintiffs to fully and sufficiently respond to Defendant's First Requests for Production and First Set of Interrogatories and to produce the requested documents for inspection, awarding Defendant reasonable expenses, including attorneys' fees, incurred in bringing this motion, and for such other relief as this Court deems just.

Respectfully submitted this 16th day of June, 2014.

 /s/ Bob L. Harris
**BOB L. HARRIS**
Florida Bar No. 0460109
bharris@lawfla.com
**JAMES J. DEAN**
Florida Bar No. 0832121
jdean@lawfla.com
**S. DENAY BROWN**
Florida Bar No.: 88571
dbrown@lawfla.com
MESSER CAPARELLO, P.A.
P.O. Box 15579
Tallahassee, FL 32317
Telephone:     (850) 222-0720
Facsimile:     (850) 558-0662


 /s/ H. Matthew Fuqua
**H. MATTHEW FUQUA**
Florida Bar No. 0451101
mfuqua@embarqmail.com
BONDURANT & FUQUA, P.A.
4450 Lafayette Street (32446)
Post Office Box 1508
Marianna, Florida 32447
Telephone: 850-526-2263
Facsimile:  850-526-5947
*Counsel for Jackson County School Board*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 16, 2014, I electronically filed the foregoing Motion to Compel with the Clerk of the Court for the Northern District of Florida by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

 */s/ Bob L. Harris*  
**BOB L. HARRIS**