IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

A.L. by P.L.B and P.L.B., for herself,
    Plaintiffs,

v.

                                            CASE NO. 5:13-cv-085-RS-GRJ

JACKSON COUNTY SCHOOL BOARD,
    Defendant.

EMERGENCY MOTION FOR EXTENSION OF TIME TO
FILE DISPOSITIVE MOTIONS

      Comes now Plaintiffs, by and through undersigned counsel, and requests the court grant an extension of time to file dispositive motions in this case. The Court's Scheduling and Mediation Order [Dkt.32] established June 15, 2014 as the end of discovery, and ordered that dispositive motions be filed 20 days thereafter, which would be July 5, 2014, a Saturday.

      The parties filed Motions to Compel, and Magistrate Jones has extended the discovery deadline to July 14, 2014 so that Defendant Jackson County School Board can provide responses to the compelled discovery. [Dkt.79]

      Plaintiffs request an extension for dispositive motions until Monday, August 4, 2014, 2014 (20 days allowed in this court's order after the new discovery end date, plus one day since August 3, 2014 is a Sunday) for the following reasons.

      A.    Plaintiffs need time to review and incorporate any evidence that is produced in response to their motion to compel defendants, in such dispositive motions.  Since

      the court order establishes the time as twenty days after discovery is ended, the magistrate's extension of the discovery deadline should be interpreted as setting a new deadline for dispositive motions to August 4, 2014.

B.    Defendant has filed multiple motions in this case that must be responded to, and that require time that prevents Plaintiffs from working on the dispositive motion, including a motion for case management in this case and whatever results from Plaintiffs' response.[1]

C.    Plaintiffs also have to file a motion to file the administrative record in alternative form on DVD, as it is too large to be uploaded electronically, and motion to seal it as the administrative record is protected from public disclosure under Fla. Stat. Sec. 1003.57, and filing it without that protection violates the Family Educational Records Privacy Act, if JCSB were to do it (a move that another court awarded Rule 11 sanctions against a school district for doing[2]), and malpractice if Plaintiffs' counsel were to do it.

D.    Plaintiffs are indigent, and neithe r they nor their counsel are able to retain additional help to complete the required tasks within the deadline.

E.    Plaintiffs's counsel and Plaintiffs, need the reasonable accommodation of this extension because of their disabilities that impact their ability to work and complete the work within the time frame.   Plaintiff PLB has been largely

---

[1] Plaintiffs' counsel also has other cases and obligations that she is balancing with obligations in this court, and her disability.

[2] *Oakstone Community School v. Williams*, NDOH Case: 2:11-cv-01109-ALM-MRA Doc #: 66 Filed: 06/12/13 Page: 10 of 17 PAGEID #: 2135

unavailable to work with counsel because of the injuries she suffered in May when she had a seizure; and subsequent effects among which is excruciating pain behind her eye, sickness upon hearing sounds, and significant memory difficulties, and evaluations and treatments and doctors visits.   Plaintiff AL's disability and JCSB's denial of free appropriate public education to him leaves him unable to read and analyze written material at a level that would permit him to contribute to analyzing the record.

Filing the dispositive motion requires review of a record that is very time consuming.   Plaintiffs' counsel's disability leaves her unable to work on many days , and impaired in her thinking such that researching and analyzing is difficult to impossible on other days.   Fairness and justice require accommodation of her and her clients' disabilities, particularly in the face of the power and resources of government.

Plaintiffs' counsel consulted pursuant to Local Rule 7.1 with defendant's counsel about an extension, and they oppose any extension.

Therefore, Plaintiffs request the court grant their request to reset the dispositive motions deadline to 20 days after the remaining discovery is due on July 14, 2014, specifically to August 4, 2014 (including extra day since August 3, 2014 is a Sunday).

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that the original has been electronically filed June 27, 2014 and served to defendant through the electronic filing system to Bob L.Harris, Messer, Caparello & Self, PO Box 15579, Tallahassee FL 32317, bharris@lawfla.com.

Respectfully submitted,

/s/Rosemary N. Palmer
Rosemary N. Palmer
FBN 070904
5260 Pimlico Drive
Tallahassee FL  32309
floridalawlady@gmail.com
850 668 9203
ATTORNEY FOR PLAINTIFFS