# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF FLORIDA

## PANAMA CITY DIVISION

| | |
|---|---|
| A.L., and | ) |
| P.L.B. | ) |
|     Plaintiffs | ) |
| . | )   Case No. 5:13-cv-0085-RS-GRJ |
| | ) |
| Jackson County School Board, | ) |
|     Defendant | |

## PLAINTIFFS' EMERGENCY MOTION FOR REASONABLE ACCOMMODATION FOR DISABILITY OF COUNSEL

COMES NOW, Plaintiff, and moves the court grant the reasonable accommodation to Plaintiff's counsel to use a recording device as a memory aid (requires a computer) in all court proceedings in this case, including but not limited to the hearing scheduled for August 19, 2014. Plaintiff's counsel has a disability that interferes with her memory and thinking and concentration. (See attached report Dr. Guilford.) She needs and has regularly used this accommodation in other courts[1] and administrative hearings and meetings (and she was allowed by the ALJ in the underlying case, and the state court in a related case to do so).   Without use of the recording device, plaintiff's counsel may not be able to recall what occurred in the proceeding later, or be able to determine what the appropriate course of action after the hearing.[2]

---

[1]  Opposing counsel, Mr. Harris, will tell you that one judge in the Fourteenth Circuit refused and required a physical search of PLB several years ago.   Another judge since in that same Circuit has specifically granted Plaintiffs' counsel the accommodation requested herein.

[2] Both plaintiffs in this case also need the accommodation of using a memory aid to participate fully in court proceedings: they use memory aid of a recording device in other settings.

The disability also makes written notes problematic as she cannot easily manage writing and processing oral information simultaneously. The Livescribe Smartpen allows her to retrieve the specific clips of information that she needs to[3]. Without the use of the memory aid, Plaintiff's counsel and Plaintiffs cannot receive equal access to the court.

Plaintiffs' counsel consulted opposing counsel pursuant to Local Rule 7.1, who objects to the court granting the reasonable accommodation.

THEREFORE, Plaintiffs requests that the court grant the reasonable accommodation of their counsel's disability of being allowed to use a recording device (including a laptop) as a memory aid in all proceedings in this case.

Submitted this 17th day of August 2014.

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been filed electronically and furnished thereby by Notice of Electronic Filing the above date to Bob L.Harris, Messer, Caparello & Self, PO Box 15579, Tallahassee FL 32317, bharris@lawfla.com.

Respectfully Submitted.
/s/ Rosemary N. Palmer
Rosemary N. Palmer
FL Bar #70904
5260 Pimlico Drive
Tallahassee FL 32309
(850) 668-9203
ATTORNEY FOR PLAINTIFFS

---

[3] Even assuming Plaintiffs could afford a court reporter in the matter, which they cannot because he is indigent and his parent is indigent, and counsel is likewise without funds to do so, that does not provide the reasonable accommodation because the Livescribe allows counsel to connect her notes to the exact part of the proceeding for which she needs to refresh her memory. It also is available to counsel immediately with ease that allows her the same opportunity as non-disabled opposing counsel has to review and consider information. The computer gives the device power and allows the notes to become searchable.

**CAPITAL PSYCHOLOGY CONSULTANTS**
227 East Virginia Street/Tallahassee, Florida 32301/(850) 224-5801/(850) 224-6459-fax

Marie Hume Guilford, Ph.D.                                        mariehumeguilfordphd.com
Licensed Psychologist
FL PY5748, GA2150

September 30, 2013

To Whom It May Concern:

Rosemary Palmer (DOB: 2/24/54) was seen in my office on September 24, 2013 for a psychological evaluation due to concerns about physiological symptoms she has been increasingly experiencing for the past several years. Results of the evaluation indicate that Rosemary is exhibiting symptoms of Anxiety Disorder Not Otherwise Specified, and she has a history of Posttraumatic Stress Disorder.  Rosemary's current symptoms substantially limit her functioning in major life activities.  She reports three episodes in the last three years that included extended periods (thirty days or more) of being unable to function. More acute episodes of anxiety are also noted that have caused limitations in her functioning.  Medical causes of her physiological symptoms have been ruled out. Despite treatment she continues to exhibit symptoms including anxiety, emotional numbing, forgetfulness, and nausea.  She also has acute episodes of anxiety, particularly in highly stressful situations (such as in the courtroom) where she experiences decreased peripheral vision, shakiness in her hands and legs that makes her writing almost completely illegible and makes it difficult for her to stand, and cognitive problems (forgetting, comprehension problems, difficulty tracking thoughts and conversations and responding appropriately).

Rosemary's history suggests a predisposition toward anxiety, exacerbated by trauma and stress. Rosemary's ability to cope with stress and anxiety seems to be increasingly taxed over the past few years leading to the current symptoms. She seems to alternate periods of normal functioning with episodes of dysfunction.  In order to accommodate her episodes of dysfunction, certain work accommodations are requested, including; use of a memory aid in the courtroom and meetings, extended time when necessary to complete responses, rescheduling of hearings and responsibilities when unable to meet them, and the ability to remain seated in the courtroom when needed.  It should be noted that because Rosemary's episodes are unpredictable, sometimes she may need to reschedule at the last minute.

Thank you for your consideration. Please call if you have any questions.

Sincerely,

_____
Marie Hume Guilford, Ph.D.
Licensed Psychologist/ PY5748