IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

A.L., and P.L.B.,

      **Plaintiffs,**

v.                                                  CASE NO. 5:13-cv-85-RS-GRJ

JACKSON COUNTY SCHOOL
BOARD,

      **Defendant.**

_____/

## ORDER

     Before me are the Defendant's Amended Motion for Summary Judgment (Doc. 112), the Plaintiffs' Motion to Supplement the Administrative Record (Doc. 133), the Defendant's Response to the Plaintiffs' Motion to Supplement the Administrative Record (Doc. 142), the Plaintiffs' Amended Motion for Partial Judgment on the Administrative Record Plus and Motion for Partial Summary Judgment (Doc. 134), and the Defendant's Response to Plaintiffs' Amended Motion for Partial Judgment on the Administrative Record Plus and Motion for Partial Summary Judgment (Doc. 141).

     Plaintiffs did not file a timely response to Defendant's motion for summary judgment. (*See* Doc 136). To the extent that it can be so construed, I consider Plaintiffs' own motion for partial summary judgment to be a response.

AL, a public school student, and his mother, PLB, sued the Jackson County School Board for failing to provide AL with a Fair and Adequate Public Education ("FAPE") pursuant to the Individual with Disabilities Education Act. An administrative law judge found that AL received FAPE. AL and PLB then brought suit in this court seeking review of the administrative decision, and also added claims for violations of the Rehabilitation Act, Americans with Disabilities Act ("ADA"), and the Fourth Amendment. Plaintiffs and Defendants have filed cross-motions for summary judgment.

Upon review, I find that the decision of the administrative law judge should be affirmed and that Plaintiffs' remaining claims fail as a matter of law. Therefore, Plaintiffs' motion for summary judgment is **DENIED**, and Defendant's motion for summary judgment is **GRANTED**.

## I.   STANDARD OF REVIEW

### a.   *Non-IDEA Claims*

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 , 91 L. Ed. 2d 202 (1986).  The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met

this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 251).

The standard for summary judgment in unchanged when both parties have filed for summary judgment. Cross-motions will not, in themselves, warrant a grant of summary judgment unless one party is entitled to judgment on facts that are not genuinely disputed. *United States v. Oakley*, 744 F.2d 1553, 1555-56 (11th Cir. 1984). However, cross-motions may be probative of a lack of factual dispute when they demonstrate a basic agreement concerning what legal theories and material facts are dispositive. *Id.*

### b.   IDEA Claims

The standard for summary judgment is different to the extent that Plaintiffs seek a review of an administrative law judge's decision in a case brought under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. In such cases, summary judgment has been deemed appropriate even when facts are in dispute, and is based on a preponderance of the evidence. *Loren F. ex rel. Fisher v. Atlanta Indep. Sch. Sys.*, 349 F.3d 1309, 1313 (11th Cir. 2003) (citations and quotations omitted). The decision is better described as judgment on the record. *Id.* (citations and quotations omitted).

The amount of deference given to the previous decision of the administrative law judge is in the sound discretion of the district court, which must consider those findings but is free to accept or reject them. *Walker Cnty. Sch. Dist. v. Bennett ex rel. Bennett*, 203 F.3d 1293, 1297-98 (11th Cir. 2000). Administrative factfindings are considered prima facie correct. *Loren F.*, 349 F.3d at 1314 n. 5. Other courts have persuasively noted that the thoroughness of the ALJ's findings should be a significant factor in determining deference. *See, e.g., L.J. v. Broward Cnty. Sch. Bd.*, 06-61282-CIV, 2008 WL 612881 at *2 (S.D. Fla. Mar. 5, 2008).

## II.    BACKGROUND

### a.    *Underlying Facts*

This case stems from an alleged repeated failure by Defendant Jackson County School Board, to provide FAPE to Plaintiff "AL." AL's mother, Plaintiff "PLB," also seeks relief.

AL was a child enrolled in Jackson County public schools up until his graduation from Marianna High School in 2014. (Doc. 134-1 at 2). AL was a "child with a disability" and entitled by law to special educational accommodations. (Doc. 112-1 at 3).

Plaintiffs argue that the School Board denied FAPE by (1) holding an Individual Education Programs ("IEP") meeting on November 17, 2010 without PLB present, (2) failing to provide independent educational evaluation in 2009, (3) failing to provide Extended Year Services in 2009, and (4) developing IEPs that did not properly and sufficiently address his disability. (Doc. 134 at 2). Although the Third Amended Complaint appears to allege additional failures to provide FAPE and comply with the IDEA, these claims are deemed abandoned because of Plaintiffs' failure to argue them in their motion for summary judgment. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("[G]rounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned.").

Plaintiffs' account of the facts (Doc. 134-1) is admittedly incomplete, and does not describe the facts of the most of the alleged failures to provide FAPE in any sort of meaningful detail. It also contains a number of missing and insufficient citations to the record. To the extent that Plaintiffs do describe the facts, they do not appear to conflict with the findings of the Administrative Law Judge ("ALJ") below. Therefore, I accept the ALJ's description of the facts in this case, and I incorporate those factual findings, (Doc. 23 at 38-195), by reference into this Order.

I briefly summarize the events that are the basis for the claims at issue.

First, on November 17, 2010, the School Board conducted an IEP meeting without PLB present. The Board had already rescheduled the meeting multiple times to accommodate PLB, and the Board informed PLB multiple times by multiple methods of the meeting. Nonetheless, PLB failed to appear, and refused to conduct the meeting by telephone, so the Board conducted the meeting without her. (Doc. 23 at 185-189).

Second, in April 2009, PLB requested an Independent Education Evaluation at public expense. The Board had pre-existing policies for the cost and geographic limits of these examinations, but PLB insisted on an evaluation at a Gainesville facility. The Board found a local evaluator, but PLB never ended up consenting to

the evaluation. The ALJ found that PLB's own actions "sabotaged" efforts to provide an independent evaluation. (*Id.* at 85-94).

Third, AL was assigned to an alternative school during the summer of 2009. PLB withdrew AL from the program after three days, however, complaining that it was not an acceptable learning environment. The ALJ, however, found that the facilities were adequate and that they were the least restrictive means available to the School Board for accommodating AL's disabilities (*Id.* at 94-96).

Fourth, the Board developed IEPs in January and April of 2009 and June of 2010 and November 2010. The ALJ found that these IEPs were sufficient to provide AL with FAPE during that time period. (*Id.* at 96-119; 127-45; 189-94).

Additionally, Plaintiffs alleged retaliation in violation of the Americans with Disabilities Act and Rehabilitation Act, and violations of the Fourth Amendment.

The retaliation claims stem from a number of complaints that Plaintiffs had about AL's education. The ALJ seems to have addressed each of these claims in detail, and found there not to be any factual and/or legal basis for these claims. (*See generally id.*).

The Fourth Amendment claims stem from routine searches conducted at the alternative school in summer 2009. The ALJ found these to be routine daily searches of all students. (*Id.* at 95).

b.      *The Administrative Law Judge's Decision*

PLB, unsatisfied with the School Board's efforts to produce an IEP for her son, filed a request for due process with the School Board on November 24, 2010. (Doc. 23 at 38). The ensuing administrative proceedings lasted more than two years. (*Id.* at 225). The hearing before the ALJ lasted approximately six weeks and produced 47 volumes of testimony and evidence. (*Id.* at 42-43). The ALJ issued a 191-page final order on December 27, 2012 ruling against AL and PLB on all claims and finding that the School Board provided FAPE to AL. (*Id.* at 225).

Specifically, the ALJ made the following rulings regarding PLB's claims.

First, the ALJ found that the Board complied with all requirements in scheduling and proceeding with the November 17, 2010, IEP meeting. (*Id.* at 204-05).

Second, the ALJ found that the Board's refusal to pay for PLB's desired independent educational evaluation did not deny FAPE. (*Id.* at 221-22).

Third, the ALJ found that that the school board sufficiently provided extended year services in compliance with IDEA. (*Id.* at 220).

Fourth, the ALJ found that all IEPs developed for AL met all the requirements of IDEA and provided FAPE. (*Id.* at 202).

### c.   Procedural History

On March 27, 2013, Plaintiffs filed a Complaint in this court to appeal the ALJ's decision. (Doc. 1). Plaintiffs also included claims alleging violations of the Americans with Disabilities Act, the Rehabilitation Act, and the Fourth Amendment. (Doc. 23).

This litigation was delayed by numerous motions for extensions of time and accommodations of disability from Plaintiffs' counsel, Rosemary Palmer, who claims to have a disability. This disability has caused Palmer to be unable to work for two weeks at a time, (*see* Doc. 95); unpredictably prevented her from working for short and long periods, (*see* 5:12-cv-299-RS, Doc. 79); impaired her memory and caused her to be unable to recall case law, (*see* 5:12-cv-299-RS, Doc. 86); caused her to lose three days of work, (*see* Doc. 11); made writing responses impossible on many days, (*see* Doc. 43); caused her to be unable to serve her clients by honoring court rules, (*see* 5:13-cv-178-RS, Doc. 43); caused her to be unable to function and miss a deadline, (*see* 5:12-cv-299-RS, Doc. 92); caused her to inadvertently miss deadlines, (*see* Doc. 53); prevented her from doing anything but routine legal tasks because it affects her thinking and concentration, (*see* Doc. 64); impaired her thinking such that researching and analyzing is difficult to impossible, (*see* 5:13-cv-178-RS, Doc. 68); and caused her to be unable to prosecute her clients' claims, (*see* 5:13-cv-178-RS, Doc. 79). In another case,

Palmer filed an affidavit from her doctor, stating that her illness causes "anxiety, emotional numbing, forgetfulness, and nausea" as well "cognitive problems (forgetting, comprehension problems, difficulty tracking thoughts and conversations and responding appropriately)." (*See* 5:12-cv-299-RS, Doc. 92 at 6).

On August 8, 2014, after fully explaining my reasons for concern, I ordered Palmer to appear to demonstrate that she is representing her clients in compliance with the Florida Rules of Professional Conduct. (Doc. 103). At the hearing, I determined that Palmer was not fit to represent clients on her own, and ruled that the case may not proceed to trial without associating co-counsel who is able to meet the demands of trying a case. (Doc. 111). Despite my efforts to help her, Palmer was not able to associate co-counsel, so I indefinitely stayed proceedings in the case. (*See* Doc. 129). I also granted Plaintiffs an additional two-week extension to file dispositive motions and respond to Defendant's motion for summary judgment. (*Id.*). After those two weeks, plus a few additional days, on October 6, 2014, Palmer filed an incomplete motion for partial summary judgment (Doc. 134), a motion to admit additional evidence (Doc. 133), and a motion for extension of time requesting an additional to respond to Defendant's motion (Doc. 135). I denied her motion for additional time because of the substantial delays that she has already caused in this case. (Doc. 136).

The Defendant's motion for summary judgment and Plaintiffs' motions for partial summary judgment and admission of additional evidence are now before me. Although Plaintiffs never filed a response to Defendant's motion, as I already stated, I will construe their motion to be a response.

### III.  DISCUSSION

#### a.  *Plaintiffs' Motion for Summary Judgment*

I find "Plaintiffs' Amended Motion for Partial Judgment on the Administrative Record Plus, and Motion for Summary Judgment (Partially Dispositive)" to be incomplete, as the motion itself admits. (Doc. 134 at 1 fn. 2). Furthermore, the motion appears generally unintelligible, and does not rise to the level of competence expected of an attorney admitted to practice law before this court. The "Amended Statement of Undisputed Material Facts" (Doc. 134-1) contains numerous incomplete citations to the record.

Although counsel for Plaintiffs had asked for additional time to complete the motion due to her disabilities, I denied that request, finding that I had already made sufficient accommodations for her disabilities and that the interest of judicial efficiency outweighed her request for additional time. (*See* Docs. 129, 136).

Therefore, because Plaintiffs' motion wholly fails to show that they should be granted judgment as a matter of law on any claim, their motion is denied.

### b.   *Defendant's Motion for Summary Judgment*

The School Board moves for summary judgment on all of Plaintiffs' claims. First, it argues that the school board provided a Free Appropriate Public Education ("FAPE") to A.L., and her IDEA claims should be dismissed. Second, it argues that Plaintiffs have not produced sufficient evidence for a reasonable jury to find in their favor on their Rehabilitation Act and ADA claims. Third, it argues that Plaintiffs have not produced sufficient evidence for a reasonable jury to find in their favor on their Fourth Amendment claims.

I agree with the School Board's arguments, and I grant summary judgment for the Board on all counts.

### 1.   *The IDEA claims*

After review of the record, the parties' arguments, and the findings of the administrative law judge, I find by a preponderance of the evidence that AL was provided FAPE. I therefore affirm the findings of the administrative decision below.

### A.   *The factual findings of the ALJ are sound and deserve deference*

As I previously stated, district courts have discretion to accord great deference to the ALJ's findings, especially where the ALJ's findings were thorough. *See Walker Cnty. Sch. Dist*, 203 F.3d at 1298; *Loren F.*, 349 F.3d at 1314 n. 5; *L.J.,* 2008 WL 612881 at *2.

Here, I afford great deference to the factual findings of the ALJ who previously heard the proceedings. The ALJ's 191-page opinion in this case was exceptionally thorough. Furthermore, the ALJ had full exposure to the six weeks of testimony in this case which produced nearly 14,000 pages of record; her expertise in the matter cannot be overstated.

### B.   The ALJ's conclusion that AL received FAPE is sound and deserves deference

I also afford great deference the ALJ's legal conclusions. As one court stated, the IDEA "is not an invitation to the district court to substitute its own judgment on sound educational policy for those made at the state administrative level." *Dekalb Cnty. Sch. Dist. v. M.T.V. ex rel. C.E.V.*, 413 F. Supp. 2d 1322, 1325 (N.D. Ga. 2005).

Upon review of the relevant law, and review of the ALJ's applications of the law to the facts, I find that the ALJ correctly concluded that the School Board had provided FAPE and had complied with all the substantive requirements of the IDEA.

Under the Individual with Disabilities Education Act, disabled students are guaranteed a Free and Appropriate Public Education. *Loren F.*, 349 F.3d at 1311. FAPE must be provided at public expense, meet state educational standards, include appropriate education, and be provided in conformity with an Individual Education Plan. 20 U.S.C. § 1401(8). This IEP must meet statutory requirements

and be formulated at a meeting with the student's parents. 20 U.S.C. § 1414(d). An IEP must be amended, but perfection is not required. *Loren F.*, 349 F.3d at 1312.

In assessing whether FAPE was provided, courts should ask (1) whether the school complied with IDEA procedures, and (2) whether the IEP is reasonably calculated to enable the student to receive educational benefits. *Id.*

In each of the complaints that Plaintiffs' now bring, the ALJ correctly applied the law and concluded that the Board provided FAPE in all aspects.

First, the ALJ correctly concluded that the Board did not violate IDEA requirements by carrying out the November 17, 2010, IEP meeting without PLB present. (Doc. 23 at 203-05). Rather, the School Board met all IDEA requirements; it notified PLB multiple times and rescheduled the meeting to accommodate her. It offered PLB the option to participate by telephone, but she declined. It was PLB's own actions that ultimately caused the meeting to go forward without her present. *See* 34 C.F.R. § 300.322.

Second, the ALJ correctly concluded that the Board's refusal to pay for PLB's desired independent educational evaluation did not deny FAPE or violate IDEA requirements. (Doc 23 at 221-22). The Board complied with the statutory requirements by making available at public expense an independent educational evaluation by an authorized provider within pre-established geographic and price

guidelines. They were not required to pay for the evaluation in Gainesville that PLB demanded.

Third, the ALJ correctly concluded that that the school board sufficiently provided extended year services in compliance with IDEA. (*Id.* at 220). The Board met the requirements of 34 C.F.R. § 300.106 by assigning AL to an alternative school in the summer of 2009; PLB's decision to remove him from that school and her demands for alternative accommodations do not defeat FAPE.

Fourth, the ALJ correctly concluded that all IEPs developed for AL met all the requirements of IDEA and provided FAPE. (*Id.* at 202). Here I heavily defer to the conclusions of the ALJ, who is steeped with experience in the highly technical specialty of developing and reviewing IEPs for disabled students. It appears, upon *de novo* review of the ALJ's entire decision, that the School Board (1) complied with all IDEA procedures and (2) that AL's IEP was reasonably calculated to enable him to receive educational benefits. The ALJ correctly cited the relevant law and determined that the IEPs were detailed enough to comply with the technical requirements of 20 U.S.C. § 1414 and 34 CFR § 300.1 et seq. (Doc. 23 at 202). The ALJ likewise correctly cited the law and concluded that AL was progressing in his education. (*Id.* at 213).

*C.  Plaintiffs have wholly failed to demonstrate any reason why the ALJ's findings should not be accepted*

Most important for my decision, Plaintiffs have failed to demonstrate any reason why the ALJ's findings are erroneous. Plaintiffs' nearly unintelligible "Amended Motion for Partial Judgment on the Administrative Record Plus, and Motion for Partial Summary Judgment (Partially Dispositive)," which is admittedly incomplete and largely bereft of citations to the record, fails to adequately identify any specific error in the ALJ's opinion. And yet Plaintiffs bear the burden of persuasion. *See E.W. v. Sch. Bd. of Miami-Dade Cnty. Florida*, 307 F. Supp. 2d 1363, 1369 (S.D. Fla. 2004) ("[T]he party seeking reversal of the ALJ's determination ... [has] the burden of proving that the [ ] IEP was inappropriate.") (citations and quotations omitted). As previously mentioned, because Plaintiffs failed to file a response to Defendant's motion for summary judgment, I will construe their motion for partial summary judgment to be a response.

First, in arguing that PLB's exclusion from the November 17, 2014, IEP meeting denied FAPE, (Doc. 134 at 5), Plaintiffs fail to give any explanation for PLB's repeated and unreasonable history of failure to attend the IEP meeting and constant requests for rescheduling the IEP meeting, or her failure to participate by telephone, which is an acceptable method of participation under 34 C.F.R. § 300.322. I find this case to be distinguishable from the non-binding case on

which Plaintiffs rely, *Doug C. v. Hawaii Dep't of Educ.*, 720 F.3d 1038 (9th Cir.

2013), because Jackson County School Board offered telephone participation as

option. In *Doug C.*, the court specifically noted that the school should have offered

teleconferencing to the parent if they could not participate. *Id.* at 1044. To the

extent that the *Doug C.* court's reasoning could apply here, I find it to be

unconvincing because, as the ALJ meticulously detailed, the Jackson County

School Board complied with all statutory and regulatory requirements in setting the

meeting, and it was PLB's own actions which forced the Board to proceed without

her. The Board was, by definition, under no obligation to go beyond the statutory

procedural requirements in order to provide FAPE.

Second, in arguing that AL was denied an independent educational

evaluation, (Doc. 134 at 9), Plaintiffs fail to account for the evidence that shows

that the Board made reasonable efforts to provide the evaluation with a qualified

evaluator. They similarly fail to explain why they should be entitled to an evaluator

outside the geographic and monetary limits—mandated by 34 C.F.R.

§ 300.502(e)— that were pre-established by the Board. Rather, the evidence shows

that the Board made every effort to obtain an evaluation in compliance with IDEA

requirements, and PLB's own actions caused the evaluation to ultimately never

occur.

Third, the argument that the alternative school placement in summer 2009 was insufficient, (Doc. 134 at 14), lacks any substance at all, and provides no reasons why the program was outside statutory compliance other than the fact that Plaintiffs were apparently uncomfortable with the routine searches that occurred there. The evidence instead demonstrates that the extended year services that the School Board offered were statutorily adequate and provided FAPE.

Fourth, the argument that the IEPs were outside of statutory compliance, (Doc. 134 at 16, 19) is entirely without merit. First, the argument that AL's falling academic progress indicates an invalid IEP fails. Contrary to Plaintiffs' assertions that falling academic progress is indicative of an invalid IEP, IEPs must only be legally sufficient at the time they are developed. *See Draper v. Atlanta Indep. Sch. Sys.*, 480 F. Supp. 2d 1331, 1345 (N.D. Ga. 2007) ("[T]he Court must determine the measure and adequacy of an IEP at the time it was offered to the student and not at some later date."). Plaintiffs cite no authority to the contrary. Plaintiffs also fail to point to any actual, specific deficiencies in the November 2010 IEP. Rather, the entire 191-page opinion of the ALJ demonstrates that the IEPs were sufficient and that AL received FAPE.

Because Plaintiffs have wholly failed to carry their burden to show that AL did not receive FAPE, and they have failed to adequately point to any errors in the well-reasoned opinion of the ALJ, their IDEA claims must fail as a matter of law.

### 2.   The Rehabilitation and ADA Claims

Although Plaintiffs have not briefed the issue at all or defended their claims, they request relief under the Rehabilitation Act, 29 U.S.C. § 701 et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Based on their allegations in the complaint, the claims appear to allege retaliatory conduct that is substantially identical to the conduct complained of in the IDEA claims.

Plaintiffs' claims fail as a matter of law for three reasons. First, they have waived them by failing to brief them or respond to Defendant's motion for summary judgment. Second, Plaintiffs have never brought to this court's attention any actual evidence supporting these claims. Third, to the extent that the record as analyzed by the ALJ contains evidence supporting these claims, the claims fail for the reasons the ALJ stated—there was no factual basis for any alleged misconduct by the school board, and all claims of supposedly retaliatory conduct were either determined to be entirely unfounded or not in fact retaliatory.

### 3.   The Fourth Amendment Claims

Plaintiffs also allege that the searches that AL was subjected to at the alternative school during summer 2009 constituted unreasonable search and seizure in violation of his Fourth Amendment rights. The ALJ found that "These searches were routine and were administered to every person entering the Alternative School, including other students. There was no competent or credible evidence that the searches violated IDEA or compromised the provision of FAPE." (Doc. 23 at

95). Plaintiffs have not produced any additional evidence relating to the searches beyond the description in the ALJ's factfindings.

Based on the available evidence, no reasonable jury could conclude that these searches violated the Fourth Amendment. There is no evidence that the searches were not "reasonable grounds for suspecting that the search will turn up evidence," *New Jersey v. T.L.O.*, 469 U.S. 325, 342, 105 S. Ct. 733, 743, 83 L. Ed. 2d 720 (1985), or that the searches were not "reasonably related to the objectives of the search and not excessively intrusive in light of the age and sex of the student and the nature of the infraction." *Id.* Plaintiffs have offered no evidence whatsoever beyond the vague descriptions in the administrative record, which did not even consider Fourth Amendment issues. This scant evidence is insufficient for the claims to survive a motion for summary judgment.

### c.    *Plaintiffs Motion to Admit Additional Evidence*

Because I am able to fully decide this case in Defendant's favor on the record below, I find it unnecessary to decide whether Plaintiffs should be entitled to admit any additional evidence.

Furthermore, even if I were to admit the additional evidence, the evidence does not appear that it would be impact my decision. The additional test scores, as I have already noted, would not show that AL's IEPs were procedurally deficient at the time they were created. Furthermore, purported expert report of Mary L.

Auvil does not appear sufficient to contradict the clear weight of the evidence, as described in the well-reasoned 191-page opinion of the ALJ, that AL received FAPE.

### IV.   **CONCLUSION**

After review of all the materials and arguments before me, I find that Plaintiffs have failed to demonstrate any entitlement to relief on any of their claims, and have failed to explain why the decision of the administrative law judge is in any way erroneous. Defendant is therefore entitled to judgment as a matter of law on all counts.

I further note that Plaintiffs' counsel, Rosemary Palmer, was extremely ineffective in her representation of her clients. Although Palmer claims to have a disability, as I have already explained, I have already given her more than adequate accommodations for her disabilities through both physical accommodations and generous extensions of time. The only accommodation that will apparently satisfy her is an indefinite extension of time for all filings, but no lawyer would ever be entitled to such a request. Her failure to file motions and responses by an unambiguous deadline despite very generous extensions of time appears indicative of a failure to comply with Fl. St. Bar. R. 4-1.1 ("A lawyer shall provide competent representation to a client."), and Fl. St. Bar. R. 4-1.16 ("A lawyer . . . shall

withdraw from the representation of a client if . . . the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client.").

I also sternly warn Attorney Palmer that if she ever again appears before me without associating co-counsel who are fully able to competently represent her clients, I will not tolerate her failure to comply with the Florida Rules of Professional Conduct and may recommend discipline against her pursuant to N.D. Fla. Loc. R. 11.1(E)(5), including prohibition from practice before this court.

Therefore, Plaintiffs' Amended Motion for Partial Judgment on the Administrative Record Plus and Motion for Partial Summary Judgment (Doc. 134) is **DENIED**. Plaintiffs' Motion to Supplement the Administrative Record (Doc. 133) is **DENIED WITHOUT PREJUDICE**. Plaintiffs' Motion for Partial Judgment on the Administrative Record Plus (Doc. 116) is **DENIED AS MOOT.** The relief requested in the Defendant's Amended Motion for Summary Judgment (Doc. 112) is **GRANTED**. All of Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

The clerk is directed to close the file for administrative purposes pending resolution of any post-judgment motions. Upon the expiration of 60 days without activity, the clerk is directed to close the case in its entirety for all purposes.

**ORDERED** on October 30, 2014.

**/s/ Richard Smoak**
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**