IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

A.L., and P.L.B.,

    Plaintiffs,

v.                               CASE NO. 5:13-cv-85-RS-GRJ

JACKSON COUNTY SCHOOL
BOARD,

    Defendant.
_____/

## ORDER

Before me are the Defendant's Motion for Attorneys' Fees and Costs (Doc. 148), Plaintiffs' "Motion for Stay of Consideration of Attorney Fees until Appeal is Finished. And, Response Opposition to Defendant's Amended Motion for Attorney Fees and Costs" (Doc. 150), and Defendant's Response to Plaintiffs' Motion for Stay of Consideration of Attorney Fees until Appeal is Finished (Doc. 153).

I find it appropriate to consider the matter without waiting for the outcome of the pending appeal. However, after consideration, I decline to exercise my discretion to award any attorneys' fees to the prevailing defendant.

1

## I. BACKGROUND

This case stems from an administrative lawsuit filed by P.L.B. on behalf of her son, A.L., and by their attorney, Rosemary Palmer, alleging that the Jackson County School Board failed to provide A.L. with a Fair and Adequate Public Education as required by the Individuals with Disabilities Education Act ("IDEA"). After an extensive six-week hearing on the matter, an Administrative Law Judge issued a 191-page opinion on December 27, 2012, finding that the complaint lacked any merit.

On March 27, 2013, Plaintiffs filed a lawsuit in this court seeking appeal of the Administrative Law Judge's decision, and later added claims for violations of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Fourth Amendment. That litigation, which was plagued by missed deadlines incomplete filings by Plaintiffs' counsel, came to an end on October 30, 2014. I issued an Order (Doc. 143) granting summary judgment in favor of the School Board on all counts.

The School Board now moves for attorneys' fees against Palmer and P.L.B. under the ADA, Rehabilitation Act, IDEA, and analogous Florida laws. The Board requests over $661,000 in attorneys' fees and costs.

## II. DISCUSSION

### a. Plaintiffs' Motion to Stay

Plaintiffs have requested that Defendants' motion for fees be stayed pending resolution of their appeal of the underlying case. However, Plaintiffs cite no legal basis for this request, nor does there appear to be any. The motion is therefore denied.

### b. Defendant's Motion for Fees and Costs

Defendant seeks attorneys' fees pursuant to the ADA, Rehabilitation Act, IDEA, and Florida Administrative Code.

The Rehabilitation Act provides that in such actions "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 29 U.S.C. § 794a(b). The ADA provides for nearly identical relief. 42 U.S.C. § 12205.

The IDEA, provides that "the court, in its discretion, may award reasonable attorneys' fees as part of the costs—

> **(II)** to a prevailing party who is a State educational agency or local educational agency *against the attorney of a parent* who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation; or
>
> **(III)** to a prevailing State educational agency or local educational agency *against the attorney of a parent, or against the parent*, if the parent's complaint or subsequent cause of action was presented for any improper

purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.

20 U.S.C. § 1415(i)(3)(B)(i) (emphasis added).

The Board argues that it should be entitled to fees and costs incurred during the administrative proceeding under both IDEA provisions, and for fees and costs incurred during the district court proceedings under both IDEA provisions as well as the Rehabilitation Act and ADA provisions.

### 1. *The Administrative Proceedings*

The Board first argues that the claims asserted during the administrative proceedings were frivolous and were asserted for an improper purpose. Both of these arguments fail.

The Board's arguments are undeveloped, citing no case law or other authority beyond a bald recitation of the statute. They instead rely on conclusory statements and claim that the Plaintiffs' case must have been frivolous because it was found to be without merit. Their argument is not sufficient to overcome the Supreme Court's and Eleventh Circuit's frequent caution against "hindsight bias" in awarding fees to prevailing defendants—that is, courts should not assume that a plaintiff's argument was frivolous just because she lost the case. *See, e.g., Johnson v. Florida*, 348 F.3d 1334, 1354. The board's argument is not developed enough to distinguish itself from the hindsight fallacy or in any event overcome the "stringent" standard for showing frivolity. *Id.* Rather, the rote claims that the

Plaintiffs "failed to produce any evidence to support any of the 35 pages of allegations," (Doc. 148 at 7), are too conclusory to meet the standard for frivolity—a standard that the Board does not even bother to cite or explain in its memorandum.

In the exercise of my discretion, I therefore decline to award attorneys' fees incurred by the School Board during the administrative proceedings.

## 2.  *The District Court Proceedings*

The Board next argues that it is entitled to fees and costs incurred during the district court proceedings. It claims that it is entitled to fees under both IDEA provisions, as well as the ADA and Rehabilitation Act.

The argument for fees under the ADA and Rehabilitation Act is wholly undeveloped; such fees are only summarily requested in the last line of the argument. I therefore decline to award fees under those statutes.

The argument for fees under IDEA fails for many of the same reasons as the request for fees for the administrative proceedings. The Board's memorandum cites no case law governing the appropriate standards for an award of attorneys' fees in this case.

The Board instead first makes the argument that because Plaintiffs never came through on their promises to provide additional evidence, they must have known that the case was frivolous. This argument again suffers from hindsight

bias, as it presumes that without the promised additional evidence, the case must have been frivolous because the Plaintiffs lost on the merits below.

The Board next argues that several of Plaintiffs' legal arguments were so poor that the case must have been frivolous. Because it cites no authority for this assertion, I reject the argument.

Finally, the Board summarily argues that because Plaintiffs delayed the litigation and never produced the additional evidence, the matter must have been brought to harass and delay. Again, it cites no authority, and again, I reject the argument.

Therefore, in the exercise of my discretion, I decline to award attorneys' fees incurred by the School Board during the district court proceedings.

### III.  CONCLUSION

Defendant's Motion for Attorneys' Fees and Costs (Doc. 148) is **DENIED.** Plaintiffs' Motion for Stay of Consideration of Attorney Fees until Appeal is Finished (Doc. 150) is **DENIED.**

**ORDERED** on January 6, 2015.

>  **/s/ Richard Smoak**
>  **RICHARD SMOAK**
>  **UNITED STATES DISTRICT JUDGE**

6