IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

A. L. *et al.*,

      Plaintiffs,

v.                                        CASE NO.  5:13cv85-RH/GRJ

JACKSON COUNTY SCHOOL
BOARD,

      Defendant.

_____/

## ORDER DISMISSING P.L.B.'S CLAIMS

This case presents the question whether a mother may assert her own claim under 42 U.S.C. § 1983 based on an unconstitutional search of her son—a search that did not violate the mother's own constitutional rights.  The answer is no.  This order grants the defendant's motion to dismiss the mother's claim.

The plaintiff A.L. was a student at a school operated by the defendant Jackson County School Board.  A.L.'s mother, P.L.B., filed this case both individually and on behalf of A.L., who was a minor when the case was filed.  While the case was pending, A.L. reached the age of majority.  By consent, A.L.

himself was substituted for P.L.B. as the plaintiff on his own claims.  But P.L.B. remained a plaintiff in her own right, asserting her own claims.

The case originally included other claims, but the only remaining claim is that the School Board violated the Fourth Amendment by routinely searching A.L. while he was at school.  A.L. asserts a claim for damages.  And P.L.B. asserts her own claim for damages; she says she moved A.L. to a private school and paid his tuition so that he would not be subjected to further unconstitutional searches.

The School Board has moved to dismiss P.L.B.'s claim.  The motion is in effect a motion for judgment on the pleadings.  And however characterized, the motion presents a legal issue that as a matter of sound case management should be resolved prior to commencement of the jury trial.  Neither side disagrees on the propriety of resolving the issue at this time on this motion.  They do disagree, however, on the proper ruling.

It is undisputed that P.L.B.'s own Fourth Amendment rights were not violated.  P.L.B. says, and for purposes of this motion I accept as true, that she suffered damages as a result of the violation of A.L.'s rights—the tuition P.L.B. paid for A.L. to attend a private school.  It is doubtful that these damages were *proximately* caused by the alleged violation.  But this order does not dismiss P.L.B.'s claim on that basis.

In *Crosby v. Paulk*, 187 F.3d 1339 (11th Cir. 1999), nightclub owners sought a damages award under 42 U.S.C. § 1983, asserting, among other things, that officers unconstitutionally demanded identification from customers in violation of the Fourth Amendment. The Eleventh Circuit held that the owners could not pursue a claim on this basis: "Freedom from unreasonable searches and seizures, however, is a personal right which cannot be asserted vicariously." *Id.*, 187 F.3d at 1345 n.10 (citing *Rakas v. Illinois*, 439 U.S. 128, 133–34 (1978)). This was an alternative holding, but alternative holdings, like holdings that stand alone, constitute the law of the circuit, fully binding in future cases. *See, e.g.*, *Bravo v. United States*, 532 F.3d 1154, 1162 (11th Cir. 2008) ("[A]lternative holdings are not dicta, but instead are as binding as solitary holdings.").

If, as the Eleventh Circuit held in *Crosby*, nightclub owners cannot pursue a § 1983 claim for the damages they suffered as a result of the violation of their customers' Fourth Amendment rights, on the ground that Fourth Amendment rights are personal rights, then P.L.B. also cannot recover the damages she says she suffered as a result of the violation of A.L.'s personal Fourth Amendment rights.

For these reasons,

IT IS ORDERED:

The motion to dismiss, ECF No. 164, is granted.  P.L.B.'s remaining claim is dismissed.  I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

SO ORDERED on April 25, 2016.

s/Robert L. Hinkle<br>United States District Judge